Howard Y. FORTENBERRY,
Plaintiff-Appellant,

v.

Patricia Roberts HARRIS, Secretary of
Health and Human Resources,
Defendant-Appellee.

No. 79–3422
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Feb. 28, 1980.

* Fed.R.App.P. 34(a); 5th Cir. R. 18.

Laurel G. Weir, Philadelphia, Miss., for plaintiff-appellant.

Robert E. Hauberg, U. S. Atty., L. K. Travis, Asst. U. S. Atty., Jackson, Miss., for defendant-appellee.

Before HILL, GARZA and THOMAS A. CLARK, Circuit Judges.

PER CURIAM:

The Appellant filed claims for disability benefits under 42 U.S.C. § 423 and supplemental security income benefits under 42 U.S.C. § 1381a. Following an adverse agency decision and unsuccessful attempts at review, he filed this appeal. We affirm.

The Appellant Howard Y. Fortenberry is a 32 year old man possessing an eleventh grade education. After his discharge from the army, Fortenberry worked in jobs that would be considered as heavy labor, often requiring the lifting of objects of great weight. In December, 1976, Fortenberry was employed as a mechanic aboard a barge owned by Ashland Oil Company. In that month he received back injuries when the barge was involved in an accident causing him to be thrown from his bunk.

Fortenberry was admitted to the Neshoba County General Hospital in Philadelphia, Mississippi, on December 9, 1976. He was placed in traction and discharged a week later in satisfactory condition. On January 3, 1977, he was admitted to Mississippi Baptist Hospital in Jackson, Mississippi where a myelogram was taken. It was recommended that Fortenberry undergo surgery to correct a herniated disc. The surgery was performed by Dr. Lucien Hodges, who removed the herniated disc and decompressed a nerve root. Fortenberry was given medication and discharged on January 11, 1977. Following his discharge he was examined monthly and was considered to be doing remarkably well. On June 15, 1977, he was readmitted to the Neshoba County General Hospital due to complaints of severe lower back pains. There was no evidence of paraspinal spasm and his disc spaces were normal. He was given traction, physical therapy and medication. On the third day, he had greatly improved and

was discharged. At about this time, Dr. Augustus Soriano, Fortenberry's attending physician, advised him to resume working, but instead he remained at home. On June 27, 1977, Dr. Hodges stated that Fortenberry had reached maximum medical improvement and that he had a 15% partial permanent disability.

On February 22, 1978, Fortenberry was still complaining of back and leg pains. On March 22, 1978, however, Dr. Hodges reported that Fortenberry could lift fifty pounds occasionally and twenty-five pounds frequently. He also stated that Fortenberry could stand and walk six or more hours in a normal work day as well as sit as much as six out of eight hours. The only restriction was against bending and stooping motions. In a letter dated March 28, 1978, Dr. Hodges wrote that a neurological examination showed Fortenberry to be well developed and well nourished. The doctor reported that there was a slight limitation of movement of the back and that Fortenberry did have a chronic low back syndrome. Nonetheless, Dr. Hodges stated that Fortenberry would be able to resume most normal activities without any real difficulty.

Pursuant to Fortenberry's filing of his claims, a hearing was conducted by the Administrative Law Judge of the Social Security Administration on August 15, 1978. At that hearing, Fortenberry testified that he experienced a constant dull pain and that he was unable to remain in one position for any appreciable amount of time. He also testified that he was easily upset and depressed. Fortenberry stated that he could no longer do the same work he had done before the accident.

At the hearing, Mr. Charles Scott was called as an impartial witness and vocational expert. Scott at the time was Director of the Counseling and Career Development Center at Mississippi College. He has been involved in the counseling and vocational fields for forty years, much of that time working with the handicapped. Scott testified that Fortenberry could no longer perform the duties of his old job. Scott, how-

ever, did relate that Fortenberry could perform lighter work such as a laborer on a poultry farm, a polishing and molding machine operator, a glove sewer, an assembler, a carpenter laborer or a building maintenance repairman. Scott testified that except for the polishing and molding machine operator and the glove sewing jobs, there were quite a few openings for the above positions in Fortenberry's geographical area. Prompted by a hypothetical question from the Administrative Law Judge, Scott testified that if Fortenberry's testimony was taken as true, he would be unemployable.

Based upon the hearing and the record, the Administrative Law Judge found that Fortenberry's impairment was not so severe that he was unable to engage in any substantial gainful activity. The Administrative Law Judge, thus, held that Fortenberry was not under a "disability" as defined in the Social Security Act and denied the claims for benefits. Fortenberry appealed to the Appeals Council which denied review. He then filed his complaint in federal district court. The Department of Health and Human Resources filed a motion for summary judgment. Finding substantial evidence in the record to support the decision, the district court granted the HEW's motion for summary judgment.

Fortenberry now contends on appeal that there is not substantial evidence to support the agency's decision and that the evidence is overwhelmingly in his favor. Fortenberry also contends that the HEW did not meet its burden of showing that he could do other jobs than those he had done in the past.

█ In an action seeking disability benefits, the burden is upon the claimant to demonstrate the existence of a disability as defined by the Social Security Act. *See Demandre v. Califano*, 591 F.2d 1088, 1090 (5th Cir. 1979); *Rhynes v. Califano*, 586 F.2d 388, 389 (5th Cir. 1978). A "disability" is defined in 42 U.S.C. § 423(d)(1)(A) as an:

inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental im-

pairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months[.]

■■ If a claimant proves that he is no longer able to work in his prior job, the burden shifts to the Secretary of HEW to show that there is some other type of substantial gainful activity that the claimant can perform. *See White v. Harris,* 605 F.2d 867, 869 (5th Cir. 1979). In the present case, although the Appellant testified to a complete inability to work, the medical evidence is wholly to the contrary. Based upon the record as a whole, the Appellant did not meet his burden of proving a disability as defined in § 423(d)(1)(A). It is clear, however, that Fortenberry is unable to return to his previous type of employment. Nonetheless, there was testimony at the hearing that there are a number of jobs suited to the Appellant's capabilities which were available to him in his geographical locale.

■ The duty of an appellate court when reviewing an agency decision regarding disability benefits and supplemental security income benefits is not to reweigh the evidence, but merely to determine if there is substantial evidence in the record to support the agency's decision. *See Chaney v. Califano,* 588 F.2d 958, 959 (5th Cir. 1979); *Mims v. Califano,* 581 F.2d 1211, 1213 (5th Cir. 1978); 42 U.S.C. §§ 405(g), 1383(c)(3). This court concedes that the Appellant is still experiencing a degree of pain, but the mere existence of pain is not an automatic ground for obtaining disability benefits. The factual determination of whether the claimant is able to work despite some pain is within the discretion of the Administrative Law Judge and will be upheld if supported by substantial evidence. *See Newborn v. Harris,* 602 F.2d 105, 107 (5th Cir. 1979).

■ Based upon the record as a whole, including the testimony at the hearing and the medical evidence, and the law, it is clear that there is more than substantial evidence to support the decision of the Administrative Law Judge.

AFFIRMED.

---

\* Fed.R.App.P. 34(a), 5th Cir. R. 18.