E. L. WILKINSON, Plaintiff-Appellant,

v.

Richard S. SCHWEIKER, Secretary of Health and Human Services, Defendant-Appellee.

No. 80–7534

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Unit B

March 26, 1981.

Clark, James & Crittenden, Charles Tyler Clark, Birmingham, Ala., for plaintiff-appellant.

Herbert J. Lewis, III, Asst. U.S. Atty., Birmingham, Ala., for defendant-appellee.

Before HILL, FAY and ANDERSON, Circuit Judges.

PER CURIAM:

Elmer L. Wilkinson has applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 423. He alleges that pain in his back and left leg and hip has rendered him incapable of working since September 2, 1976. After agency denials of his application at the initial and reconsideration stages, Wilkinson requested a hearing. At the conclusion of that hearing, the Administrative Law Judge (ALJ) likewise denied benefits, finding that Wilkinson, although unable to perform his past work, was able to work at a sedentary level. That decision was approved by the Appeals Council and adopted by the Secretary as the final decision. Wilkinson filed suit, and the district court affirmed the decision of the ALJ. We too affirm.

■ It is well established that the burden to demonstrate the existence of disability, as defined in 42 U.S.C. § 423(d),[1] lies with the claimant seeking benefits. If the claimant can prove that he is no longer able to perform his past work, the burden shifts to the Secretary to show that there is some other type of substantial gainful activity suitable to the claimant. *See Fortenberry v. Harris*, 612 F.2d 947, 949–50 (5th Cir. 1980). Here, the claimant has cleared the initial hurdle; the ALJ found that Wilkinson was unable to perform the work he once performed. Wilkinson challenges, however, the conclusion that he is able to perform some sedentary work. Essentially, he raises two questions: (1) Was the denial of dis-ability benefits supported by substantial evidence, and, particularly, did the ALJ properly consider Wilkinson's subjective testimony regarding his pain and discomfort? (2) Did the ALJ improperly question the vocational expert regarding the availability of employment suitable to Wilkinson?

■ Courts, when reviewing agency decisions concerning disability benefits, are not to reweigh the evidence. Rather, courts must determine only if there is substantial evidence in the record supporting the agency's decision. 42 U.S.C. § 405(g); *Epps v. Harris*, 624 F.2d 1267, 1269 (5th Cir. 1980); *Fortenberry v. Harris*, 612 F.2d at 950. Wilkinson has been examined by several doctors, including his personal attending physician, physicians who have examined him specifically with an eye towards this claim, and a psychiatrist. None of these maintained that Wilkinson was without the capacity to work. While some of the doctors noted that Wilkinson suffers from some psychiatric impairment and pain, others, whose opinions were not and should not be ignored, suggested that Wilkinson's dysfunction may be exaggerated. Furthermore, the record indicates that Wilkinson is not being treated for his malady, nor is he taking medication for his pain.

■ It is clear that the ALJ properly considered all evidence before him, including evidence of Wilkinson's subjective pain. "The factual determination of whether the claimant is able to work despite some pain is within the discretion of the Administrative Law Judge and will be upheld if supported by substantial evidence." *Fortenberry v. Harris*, 612 F.2d at 950 (citing *Newborn v. Harris*, 602 F.2d 105, 107 (5th

---

1. 42 U.S.C. § 423(d) provides in part:
   (d)(1) The term "disability" means—
      (A) inability to engage in any substantial gainful activity by reason of any medically determined physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.
      .     .     .     :

   (2) For purposes of paragraph (1)(A)—
      (A) an individual ... shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. . . .

Cir. 1979)). The determination that Wilkinson can work at a sedentary level is supported by the evidence here.

■ Thus Wilkinson's second question can be answered readily. Wilkinson charges that the ALJ, in his attempt to determine whether employment suitable to Wilkinson is available, improperly questioned the vocational expert. The following dialogue took place:

> Q. All right, I want you to assume, Doctor, that I will find that he has the physical ability to perform sedentary work, and that on the basis of the physical ability to perform sedentary work, I'd like to know what, if any, effect, his psychiatric or psychophysiological problems would have on him, where they impose on him a mild impairment in his ability to relate to other people. Where he has a mild deterioration of personal habits, and a mild restriction on ability to perform work requiring frequent contact with others, where the contact was minimal.
>
> Mild restriction in performing complex tasks, and a moderate restriction in his restriction of daily activities and restriction of interests, and ability to comprehend and follow instructions.
>
> In other words, the restrictions set out in Exhibit B19.
>
> A. It would have a very mild effect, if any, on his performance of these jobs that I've named.
>
> Q. It would not significantly affect his ability or qualification for these jobs?
>
> A. No.
>
> Q. Then assume, Doctor, that I'll find that the impositions he finds imposed on himself are essentially as they've been identified in the testimony here today, would he qualify for any of the jobs you've discussed?
>
> A. In my opinion, he could not do these jobs.
>
> Q. All right.
>
> ALJ: Mr. Clark?
>
> EXAMINATION BY ATTORNEY:
>
> Q. In other words, if the testimony that he's given, and the testimony given by Messrs. Campbell and Sanford is correct, then the response is then that he could not perform those jobs you've named?
>
> A. In my opinion, he could not, yes.
>
> ATTORNEY: No questions, your Honor.

Record, at 64–65. Essentially, Wilkinson argues that the initial question by the ALJ was improper because it was premised on the unsupported assumption that Wilkinson was capable of performing some sedentary work. There are two answers to this argument. First, although not all of the evidence supports such an assumption, substantial evidence does. Second, the ALJ posed the additional question which assumed the impositions to which Wilkinson himself testified. *Cf. Johnson v. Harris*, 612 F.2d 993, 996 (5th Cir. 1980) (in which the ALJ instructed the vocational expert to disregard "completely any mental or physical impairment which the claimant may have to be found to have . . . ."). It was not improper for the ALJ here to accord less weight to the vocational expert's response to the hypothetical premised on Wilkinson's subjective testimony.

The order of the district court is

AFFIRMED.