Weston CROOM

v.

Patricia HARRIS, Secretary of Health, Education and Welfare.

Civ. A. No. 79–540–B.

United States District Court, M. D. Louisiana.

April 14, 1981.

Stanley K. Hurder, Debleiux & Hurder, Baton Rouge, La., for plaintiff.

James S. Lemelle, Asst. U. S. Atty., Baton Rouge, La., for defendant.

POLOZOLA, District Judge:

Weston Croom has filed this action under Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), for a review of an administrative decision denying him disability benefits.

The plaintiff initially filed a claim for disability insurance benefits and supplemental security income on May 30, 1978. Plaintiff contended that he became disabled on December 29, 1977, as a result of cancer of the bowels. His application was denied on June 12, 1978 by a determination that the plaintiff "has the capacity for other work such as a meter reader, a security guard, or a dispatcher." (Tr. 91). On July 21, 1978, the plaintiff's application for supplemental security income was reconsidered and also denied. Thereafter, the Administrative Law Judge (ALJ) held a full evidentiary hearing on May 9, 1979. The decision of the ALJ, rendered on July 31, 1979, concluded that the plaintiff was not disabled under the provisions of the Social Security Act. The ALJ's decision was affirmed by the Appeals Council on September 12, 1979. The denial by the Appeals Council became the final decision of the Secretary of Health, Education and Welfare.

Thereafter, a complaint was timely filed in this Court. In response, the defendant filed an answer and a certified copy of the administrative transcript. Subsequently, both parties filed cross motions for summary judgment.

The scope of judicial review under 42 U.S.C. § 405(g) is limited to a determination of whether or not there is substantial evidence in the record to support the findings of the ALJ. It is not the function of the Court to reweigh the evidence or substitute its judgment for that of the ALJ. See *Warncke v. Harris*, 619 F.2d 412 (5 Cir. 1980); *Strickland v. Harris*, 615 F.2d 1103 (5 Cir. 1980); *Fortenberry v. Harris*, 612 F.2d 947 (5 Cir. 1980); *Johnson v. Harris*, 612 F.2d 993 (5 Cir. 1980); *Laffoon v. Califano*, 558 F.2d 253 (5 Cir. 1977); *Gaultney v. Weinberger*, 505 F.2d 943 (5 Cir. 1974); and *Goodman v. Richardson*, 448 F.2d 388 (5 Cir. 1971).

Substantial evidence is "more than a scintilla, and must do more than create a suspicion of the existence of the fact to be established. 'It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *NLRB v. Columbian Enameling and Stamping Co.*, 306 U.S. 292, 300, 59 S.Ct. 501, 505, 83 L.Ed. 660, 665 (1939), quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 217, 83 L.Ed. 126, 140 (1938); *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971).

Disability is defined in 42 U.S.C. § 423(d)(1)(A) as:

"[the] inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."

A person is deemed to be disabled under the Act

"only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he

lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." 42 U.S.C. § 423(d)(2)(A).

██ The jurisprudence is clear that a claimant for social security benefits has the burden of proving his disability under the Act. See *Fortenberry v. Harris*, supra; *Johnson v. Harris*, supra; *Demandre v. Califano*, 591 F.2d 1088 (5 Cir. 1979) and *Rhynes v. Califano*, 586 F.2d 388 (5 Cir. 1978). However, once the claimant establishes his disability to the point that he cannot perform his former job, the burden shifts to the Secretary to show that there is other gainful employment which the plaintiff can perform. *Knott v. Califano*, 559 F.2d 279 (5 Cir. 1977); *Lewis v. Weinberger*, 515 F.2d 584 (5 Cir. 1975). If the Secretary points to possible alternative employment, the burden of persuasion then returns to the claimant to prove his inability to perform those jobs. *Johnson v. Harris*, supra.

Although the scope of judicial review is narrow pursuant to 42 U.S.C. § 405(g), this does not deter the Court from the responsibility of scrutinizing the record in its entirety to determine whether substantial evidence supports each essential administrative finding. *Strickland v. Harris*, supra; *Simmons v. Harris*, 602 F.2d 1233 (5 Cir. 1979). The Court has the responsibility to consider the evidence as a whole, including "(1) objective medical facts or clinical findings; (2) diagnoses of examining physicians, (3) subjective evidence of pain and disability as testified by the claimant and corroborated by his wife, . . . and (4) the claimant's age, education and work history." *Strickland v. Harris*, supra, at 1106, quoting *DePaepe v. Richardson*, 464 F.2d 92, 94 (5 Cir. 1972). See, also: *Simmons v. Harris*, supra, at 1236.

The sole issue before this Court is whether or not there was substantial evidence in the record to support the decision of the ALJ that the plaintiff was not disabled and, therefore, not entitled to benefits. The plaintiff asserts that the decision of the ALJ is not supported by substantial evidence because the ALJ:

(1) Wrongfully applied Rule 202.10 of Appendix 2 of 20 C.F.R. § 404.1513 to the facts of this case;

(2) Failed to call a vocational expert to testify and relied totally on the application of Appendix 2, 20 C.F.R. to determine the availability of performable work by the plaintiff; and

(3) Neglected to apply 20 C.F.R. § 404.-1502(c) and § 404.1512, the long term arduous worker test.

After a careful review of the record in this case, the Court finds that the Secretary's decision denying plaintiff disability insurance benefits and supplemental security income benefits is not supported by substantial evidence and therefore, this case must be remanded to the ALJ for additional hearing to be held in accordance with this opinion.

The plaintiff, Weston Croom, is now fifty-three (53) years of age and has a sixth grade education. Plaintiff's entire work-life experience has been as a manual laborer, primarily as a laborer for the Baton Rouge Water Works Co., digging ditches, laying water lines and setting fire hydrants. Croom is trained for no meaningful work other than as a manual laborer. On January 5, 1978, the plaintiff was admitted to the Veterans Administration Hospital because of increasing abdominal pains and constipation. The medical evidence shows that the initial hospitalization revealed complete obstruction at the rectosigmoid junction and a lesion at 13 cm. which required a right transverse colostomy. A biopsy indicated adenocarcinoma (cancerous tissue) of the rectum and a right transverse colostomy operation was performed. A second operation was performed on January 30, 1978, wherein the plaintiff had an abdominal-perineal resection pursuant to the diagnosis of adenocarcinoma of the rectum. Post operative studies of the liver showed no evidence of cancer. On March 2, 1978, the plaintiff underwent closure of his right transverse colostomy. An abdominal exploration was performed at that time because of a nodule felt on the liver during the

abdominal-perineal. The colostomy was closed without difficulty and the biopsy report of the liver nodule noted a vascular malformation and no tumor. Thereafter, on March 29, 1978, the plaintiff was discharged from the hospital to receive outpatient radiation treatment. Plaintiff's attending physician has stated that the plaintiff could return to full employment after the completion of the radiation treatment. During the months that followed the surgery and radiation treatment the plaintiff was examined on numerous occasions and was described as "doing well". The Social Security Administration caused an examination to be made by Dr. Henry B. Harvey, an internist, who examined the plaintiff on June 18, 1979. Dr. Harvey found that during an eight hour work day the plaintiff could sit for six hours, stand for three hours, and walk for three hours, but he should not stand for more than two hours or walk for more than one hour without a change in postural position. Dr. Harvey further noted that the plaintiff could lift up to ten pounds frequently and fifty pounds occasionally, but that he is unable to bend, squat or crawl.

Croom testified that since his surgical operations, he spends his time around the house but does not help with any housework whatsoever. He further testified that on a typical day, he might walk around the block and sometimes go to the grocery with Mrs. Croom. The plaintiff also testified that too much walking, bending or lifting "gives [him] a lot of trouble". Mrs. Croom's testimony was essentially a concurrence in what her husband had testified to. Furthermore, it was disclosed at the hearing that the plaintiff had reentered the hospital for an examination and x-rays. However, no surgery was involved at this time.

In his decision, the ALJ found that the plaintiff was not "disabled" within the context of the Social Security Regulations, stating:

"The evidence in this case is not substantial in establishing that Mr. Croom was disabled on December 29, 1977, or that he became under a disability beginning on any date thereafter through the date of this decision ... The evidence establishes that claimant is not engaging in substantial gainful activity and it establishes that his impairments, were severe enough to prevent his previous very heavy work, ... Specifically, however, the medical evidence shows that claimant's impairments have not met or equalled the requirements of Appendix 1, Subpart P, Regulations No. 4 or of Part A of Appendix 1, to Subpart I of Regulations No. 16. The administrative law judge will also discuss whether claimant's impairments prevent him from performing other kinds of substantial gainful activity. Such discussion will show that claimant does not meet the requirements of the Social Security Act, as amended, ... "

The Social Security Administration has promulgated a detailed sequential evaluation procedure to be followed in determining whether an individual is "disabled" according to the applicable regulations of the Administration. This procedure is set forth in 20 C.F.R. 404.1520.

In the instant case it is undisputed that Croom is not currently working. The ALJ found the plaintiff's impairments severe enough to prevent the plaintiff from performing his previous heavy work, but found that these impairments have not met or equalled the requirements of Appendix 1, Subpart P, 20 C.F.R. No. 4 and the similar appendix to Regulation No. 16. The plaintiff's alleged impairment was diagnosed as adenocarcinoma of the rectum.

■ Apparently the plaintiff's impairment is not included in the nearest listed impairment set forth in 20 C.F.R., Subpart P, Appendix 1, § 13.18 which provides:

"Large intestine (from ileocecal valve to and including anal canal)—carcinoma or sarcoma.

A. Unresectable; or

B. Metastasis beyond the regional lymph nodes, or

C. Recurrence or metastasis after resection.

A determination as to whether the alleged impairment is medically equivalent to a listed impairment must be based on medical evidence only. The symptoms, signs, and laboratory findings based on the administrative transcript filed in this case indicate, as found by the ALJ, that the impairment is severe enough to prevent the plaintiff from performing his former work. 20 C.F.R. § 404.1528. In accord with the sequential evaluation method, it is now necessary that the Court consider the plaintiff's residual functional capacity and his age, education, and past work experience to determine if plaintiff can do other work.

At the administrative hearing held on May 9, 1979, the ALJ stated the crux of the issue before the Court as follows:

"Q Now the issues in your case for social security purposes is not just whether you can go back to doing your previous work but whether you might be able to do some other kind of work and in the social security regulations it states that if a person of your age and your education and not having a skill factor out of work can do some kinds of work like a light, what we call light work. Which is not lifting over 20 pounds at any time and not more than about 10 pounds on a frequent or continuous basis. And not requiring standing and walking all the time but perhaps around three-fourths of the time. Like six hours out of a workday or something like that. If a person can do that why that should be able to do light kinds of work." (Tr. 33–34).

20 C.F.R. § 404.1545 states what an individual's residual functional capacity is.

In determining this plaintiff's residual functional capacity the Court must consider plaintiff's ability to do physical activities such as walking, standing, lifting, carrying, pushing, pulling, reaching, handling and other physical functions. See 20 C.F.R. § 404.1545(b). Dr. Harvey, the internist who examined the plaintiff as requested by the Social Security Administration, conducted the functional capacity test and reached the following conclusions:

1. The claimant can sit for six hours at one time, stand for two hours at one time, and walk for one hour at one time. He can sit for six hours during an eight hour day, and stand and walk for three hours each during an eight hour day.

2. The claimant can frequently lift up to ten pounds, occasionally lift up to fifty pounds, and never lift over fifty pounds.

3. Claimant can continuously carry up to ten pounds, occasionally carry up to twenty-five pounds, and never carry over twenty-five pounds.

4. Claimant can use both hands for simple grasping, pushing and pulling of arm controls, as well as fine manipulation.

5. Claimant can use both his feet for repetitive movements such as in pushing and pulling of leg controls.

6. Claimant is able to frequently reach, occasionally climb, and never bend, squat or crawl.

7. Claimant has no restriction regarding driving automotive equipment.

The defendant contends that the ALJ erroneously applied the test for "light work", which the ALJ concluded was within the physical exertion of the plaintiff. The Regulations define "light work" as:

"(b) Light work. Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. § 404.1567(b).

■ The medical records of Dr. Harvey show the limitations on the plaintiff's standing and walking abilities. There has been no other showing that the plaintiff can do a job requiring a "good deal of walking or standing". The Regulation is clear that the claimant "must have the ability to do substantially all of [the] activities", including walking and standing for a good deal of time. It is also well settled that once the claimant established his disability to the point that he cannot perform his former job, the burden shifts to the Secretary to show that the plaintiff can perform other gainful employment. This Court concludes that the finding of the ALJ that the plaintiff can perform light work is not supported by substantial evidence in the record.

The plaintiff is an individual approaching advanced age, is of marginal education and of unskilled labor type work as these factors are defined in 20 C.F.R. § 404.1563(c) and 404.1564(b)(2).

Work experience as defined in the regulations means skills and abilities a party has acquired through work previously done which shows the type of work the person may be expected to do. 20 C.F.R. § 404.-1565. The plaintiff, Mr. Croom, explained his work experience at the administrative hearing accordingly:

"Q. Does any of that kind of work that you have done require any skill or is it an unskilled laboring type of work? In other words, how would you characterize it?

A. Well, it's I would say a laboring type of work.

Q. In other words, what I'm thinking about, you have to consult blueprints or things like that?

A. No. No.

Q. Based on what something says on paper you have to select materials and—

A. No.

Q. —put it in certain locations that you determine or you follow instructions and orders of somebody else all the time.

A. Well, mostly following instructions.

Q. Then you haven't been foreman.

A. No.

The plaintiff also asserts that the ALJ erred in failing to apply an arduous unskilled labor test as promulgated in 20 C.F.R. § 404.1562 which states:

"If you have only a marginal education and work experience of 35 years or more during which you did arduous unskilled physical labor, and you are not working and are no longer able to do this kind of work because of a severe impairment[s], we will consider you unable to do lighter work, and therefore, disabled. However, if you are working or have worked despite your impairment[s] [except where the work is sporadic or is not medically advisable], we will review all the facts in your case, and we may find that you are not disabled. In addition, we will consider that you are not disabled if the evidence shows that you have training or past work experience which enables you to do substantial gainful activity in another occupation which your impairment, either on a full-time or a reasonably regular part-time basis."

In order for this particular rule to apply the plaintiff must have done arduous unskilled labor for at least 35 years and now be unable to do this kind of work because of a severe impairment. An analysis of the plaintiff's vocational background, age, education and work experience must therefore be undertaken to determine whether the plaintiff is "disabled" under the circumstances of this case. See 45 Fed.Reg. 55579. Croom worked as a laborer with the Baton Rouge Water Works Co. for twenty-five years. Since the plaintiff worked in arduous unskilled type of work for less than thirty-five years this particular regulation will not be applicable and the Court must therefore look to the plaintiff's vocational factors before making a conclusive determination as to whether he is "disabled" for Social Security purposes.

The plaintiff objects to the ALJ's finding that the plaintiff could engage in substan-

tial gainful activity of a lighter nature than previously performed. The plaintiff contends that the lack of evidence from a vocational expert had the effect of placing the burden on the plaintiff of proving that he is unable to engage in any light work. It is not disputed that the plaintiff suffered a physical impairment which renders him incapable of performing his previous work. As stated earlier, once the plaintiff establishes a disability so that he cannot perform his former job, the burden shifts to the Secretary to show that there is other gainful activity which the plaintiff can perform. The ALJ in this case simply applied the Regulations as set forth by the Social Security Administration, stating:

"Regulations sections 404.1509 and 416.909 provide that administrative notice is taken that light occupations have existed in significant numbers either in the region where claimant lives or in the national economy. Accordingly Rule 202.10, Table No. 2, of Subpart P, Regulation No. 4 and Rule 202.10, Table No. 2, in Appendix 2 to Subpart I of Regulations No. 16 are applicable. When findings of fact as to all factors coincide exactly with the criteria of a rule, Regulations sections 404.1513 and 416.913 direct a conclusion of "disabled" or "not abled" as specified in the Rule. Therefore, claimant must be found "not disabled". (Tr. 15).

It is now clear that the use of a vocational expert is discretionary with the Secretary. 20 C.F.R. § 404.

Rule 202.10 of Table 2, Subpart P, Appendix 2, is the pertinent rule applicable to the residual functional capacity, age, education and work experience for an individual whose maximum work capability is limited to light work. The rule, as amended, also mandates a finding of "not disabled" as found by the ALJ. However, if the plaintiff is not capable of performing light work as was discussed previously, the strict application of the rule is not warranted. Although this Court finds that a vocational expert was not required to testify as to the specific jobs within the competence of Mr. Croom, the criteria for performing "light

work" as defined by the Regulations have not been satisfied by substantial evidence. Furthermore, 20 C.F.R. Subpart P, Appendix 2, § 200.00(c) states:

"(c) However, for individuals of advanced age who can no longer perform vocationally relevant past work and who have a history of unskilled work experience, or who have only skills that are not readily transferable to a significant range of semi-skilled or skilled work that is within the individual's functional capacity, or who have no work experience, the limitations in vocational adaptability represented by functional restriction to light work warrant a finding of disabled. Ordinarily, even a high school education or more which was completed in the remote past will have little positive impact on effecting a vocational adjustment unless relevant work experience reflects use of such education."

This Court concludes that there is not substantial evidence in the record to sustain a finding of the existence of light work which Mr. Croom could perform. The medical records of Dr. Harvey indicate that the plaintiff during an eight hour day can sit for six hours, stand for three hours or walk for three hours, but he cannot stand for more than two hours at one time nor walk for more than one hour at one time. The ALJ concluded that the plaintiff is disabled by applying the rule of the Administration applicable to a capability maximum of light work. Since the plaintiff does not meet the criteria for performing light work, the ALJ's decision is unsupported by substantial evidence.

For the reasons set forth above, this case shall be remanded to the Secretary for additional hearing to determine if the plaintiff is disabled within the meaning of the Act.

Therefore:

IT IS ORDERED that the motion of the defendant for summary judgment be and it is hereby DENIED.

IT IS FURTHER ORDERED that the motion of the plaintiff for summary judgment be and it is hereby partially granted to the extent that this case shall be remand-

ed to the Secretary for a hearing to determine if the plaintiff is disabled within the meaning of the Act in accordance with this opinion.

Judgment shall be entered accordingly.