**Herman CARTWRIGHT,**
**Plaintiff-Appellant,**

v.

**Margaret M. HECKLER, Secretary of**
**Health and Human Services,**
**Defendant-Appellee.**

**No. 81–7821**
**Non-Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

July 6, 1984.

David M. Olive, Birmingham, Ala., for plaintiff-appellant.

Herbert J. Lewis, III, Asst. U.S. Atty., Birmingham, Ala., for defendant-appellee.

Before GODBOLD, Chief Judge, RONEY and TJOFLAT, Circuit Judges.

PER CURIAM:

In this appeal we review the denial of disability insurance and SSI benefits to a 46-year old claimant who suffers from mild back strain, irritable colon syndrome, questionable lesion of the sigmoid colon, and prostatitis. In its first review of this case the district court concluded that further evidence of claimant's residual functional capacity (RFC) was necessary and remanded the case to the Secretary for further evidence on this issue. After two consulting physicians examined Cartwright, the ALJ denied benefits. On review of the second decision of the Secretary, the district court determined that substantial evidence supported the Secretary's conclusion and affirmed. We find no error except in the Secretary's mechanistic use of the age grids and vacate and remand on that basis.

■ Claimant challenges the Secretary's determination that he could perform a wide range of sedentary work. The report of the two doctors consulted on remand indicates that claimant can perform a wide range of sedentary work. The record provides substantial evidence for the Secretary's finding of claimant's RFC as sedentary.

■ Claimant contends that his pain is a non-exertional impairment that prevents the grids from being applied. However, the ALJ determined that Cartwright's testimony about pain was not credible. Credibility determinations are for the Secretary, not the courts. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1242 (11th Cir.1983). Reviewing the record as a whole, including the testimony at the hearing and the medical evidence, we find that substantial evidence supports the ALJ's finding of non-credibility. *See Fortenberry v. Harris*, 612 F.2d 947, 950 (5th Cir.1980). The ALJ did not err in applying the grids except as noted below.

Claimant also asserts that the ALJ did not consider the adverse effects his medication causes. However, this issue was not presented to the ALJ, and Cartwright's testimony does not support such a claim.

■ The ALJ gave adequate consideration to the reports of the treating physicians. No doctor indicated that the claimant was permanently disabled, although a chiropractor found a 10% permanent disability.

■ In making his disability determination the ALJ relied on the Medical-Vocational Guidelines, 20 C.F.R. Part 404, Subpart P, Appendix 2 (1983) ("the grids"). In *Broz v. Schweiker*, 677 F.2d 1351 (11th Cir.1982), *vacated and remanded sub nom. Heckler v. Broz*, —— U.S. ——, 103 S.Ct. 2421, 77 L.Ed.2d 1311, *adhered to,*

711 F.2d 957, *modified*, 721 F.2d 1297 (11th Cir.1983), we held the grids invalid to the extent they treated the age/ability to adapt factor as a legislative rather than adjudicative fact. 677 F.2d at 1360. In *Reeves v. Heckler*, 734 F.2d 519 (11th Cir.1984) (per curiam), we explained how the Secretary could use the age grids in establishing the claimant's ability to adapt. The evidentiary determination we outlined in *Reeves* has not been made in this case. The record shows that the ALJ applied the grids mechanically. The case must be remanded for Cartwright to be given the opportunity to make a proffer to the district court on his ability to adapt. If he makes such a proffer, the district court should remand to the Secretary for further consideration of this issue. If the claimant fails to make such a proffer, the ALJ's mechanistic use of the age grids would be harmless error and there would be no need to remand to the Secretary.

VACATED and REMANDED.