**Burnell D. KELLY, Plaintiff-Appellant,**

v.

**Margaret M. HECKLER, Secretary of Health and Human Services, Defendant-Appellee.**

**No. 83–8433.
Non-Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

July 16, 1984.

Leslie R. Stallknecht, Macon, Ga., for plaintiff-appellant.

Frank L. Butler, Asst. U.S. Atty., Macon, Ga., for defendant-appellee.

Before GODBOLD, Chief Judge, RONEY and TJOFLAT, Circuit Judges.

PER CURIAM:

In this appeal we review the denial of disability insurance benefits to a 54 year-old woman who suffers from arthralgias, low back syndrome, high blood pressure, varicose veins, and nervousness. The district court determined that the Secretary's decision was supported by substantial evidence and affirmed.

The ALJ found that claimant could not return to her prior work as a sewing machine operator or restaurant cook but could perform a wide range of light work. The two findings appear inconsistent, and we cannot determine from the ALJ's report why he reached these two conclusions. We therefore vacate and remand for further consideration of this issue.

The ALJ expressly found that claimant's testimony as to pain was not credible. 2 Rec. at 24. Credibility determinations are for the Secretary, not the courts. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1242 (11th Cir.1983). Reviewing the record as a whole, including the testimony at the hearing and the medical evidence, we find that substantial evidence supports the ALJ's finding of non-credibility. *See Fortenberry v. Harris*, 612 F.2d 947, 950 (5th Cir.1980).

In *Broz v. Schweiker*, 677 F.2d 1351 (11th Cir.1982), *vacated and remanded sub*

*nom. Heckler v. Broz,* —— U.S. ——, 103 S.Ct. 2421, 77 L.Ed.2d 1311, *adhered to,* 711 F.2d 957, *modified,* 721 F.2d 1297 (11th Cir.1983), we held the grids invalid to the extent they treated the age/ability to adapt factor as a legislative rather than adjudicative fact. *Broz I,* 677 F.2d at 1360. We explained in *Reeves v. Heckler,* 734 F.2d 519 (11th Cir.1984), how the Secretary could use the age grids in establishing claimant's ability to adapt. The determination we described in *Reeves* has not been made in this case. The record indicates that the ALJ applied the grids mechanistically. On remand to the Secretary, Kelly must be given the opportunity to offer evidence on her inability to adapt.[1] In the absence of such evidence the ALJ's use of the age grids would be dispositive of the issue.

VACATED and REMANDED.

---

1. We have already determined that this case must be remanded to the Secretary on grounds other than the Secretary's application of the grids. Consequently, there is no need for the claimant to make a proffer of evidence to the district court on her ability to adapt. Rather, on remand to the Secretary, the Secretary must reconsider the case in light of *Broz* and *Reeves* if the ALJ applies the grids to Kelly.