IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 99-30491
Summary Calendar
_____

PEGGY SENEGAL,

Plaintiff-Appellant,

versus

KENNETH S. APFEL, COMMISSIONER OF
SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 98-CV-1450
_____
March 9, 2000

Before POLITZ, WIENER, and STEWART, Circuit Judges.

PER CURIAM:[*]

Peggy Senegal appeals from the district court's affirmance of the Commissioner's denial of her application for supplemental security income. She contends that: (1) the district court erred in finding that the record contained substantial evidence to support the Commissioner's denial of her disability claim; (2) the

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Administrative Law Judge's improperly relied on a hypothetical posed to the vocational expert which did not relate all of her impairments; (3) the ALJ erred in applying the Medical-Vocational Guidelines because they fail to take into account her nonexertional impairments, and (4) the ALJ failed to consider the total combination of her impairments.

Our review of the record, briefs, and dispositive precedents persuades that the district court did not err in concluding that there was substantial evidence to support the Commissioner's decision to deny Senegal's disability claim.[2] The ALJ did not err in relying on the hypothetical example testimony of the vocational expert because it is not improper for an ALJ to accord less weight to a hypothetical example based entirely on the claimant's subjective testimony.[3] Nor did the ALJ commit a legal error in applying the Guidelines after determining that Senegal's nonexertional impairments did not significantly affect her residual functional capacity to work.[4] As regards Senegal's claim that the ALJ did not consider her combination of impairments, we lack jurisdiction to consider that issue as it was not raised before the Appeals Council. Senegal has failed to exhaust administrative remedies, a predicate for our jurisdiction.[5]

The judgment appealed is AFFIRMED.

---

[2]**Anthony v. Sullivan**, 954 F.2d 289 (5th Cir. 1992).

[3]**Wilkinson v. Schweiker**, 640 F.2d 743 (5th Cir. 1981).

[4]**Selders v. Sullivan**, 914 F.2d 614 (5th Cir. 1990).

[5]**Paul v. Shalala**, 29 F.3d 208 (5th Cir. 1994).