# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 9, 2013

No. 12-31099
Summary Calendar

Lyle W. Cayce
Clerk

VICKI HALTERMAN, on behalf of Larry E. Halterman,

Plaintiff - Appellant

v.

CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY,

Defendant - Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:11-CV-630

Before REAVLEY, JOLLY, and DAVIS, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-31099

Vicki Halterman ("Halterman"), sole surviving daughter and heir of Larry E. Halterman, deceased Plaintiff,[1] appeals the district court's judgment affirming the Commissioner of Social Security's ("Commissioner") decision that she is not entitled to Social Security disability benefits because Plaintiff, prior to his death, was not disabled under Title II of the Social Security Act, 42 U.S.C. §§ 416(i) and 423. Because the Commissioner applied the correct legal standards and because there is substantial evidence to support the decision, we affirm.

I.

On July 14, 1997, Larry Halterman ("Plaintiff") applied for Social Security disability insurance benefits (DIB) and supplemental security income (SSI) under Tile XVI of the Social Security Act (the "Act"), 42 U.S.C. § 1382c(a)(3).[2] His alleged disability, dating from December 1, 1996, was "nerves," numbness, emphysema, illiteracy, and knee problems. During the relevant time period, chronic alcohol abuse was also one of Plaintiff's impairments. The date on which he was last insured for purposes of DIB was March 31, 1999. Accordingly, Plaintiff had to establish that he was disabled before the expiration of his insured status. *Anthony v. Sullivan*, 954 F.2d 289, 295 (5th Cir. 1992).

The Commissioner denied Plaintiff's application, and subsequently, over the course of a protracted fifteen years of litigation, a series of hearings before Administrative Law Judges (ALJ), as well as appeals before the Appeals Council and the district court, followed. Most recently, in 2009, an ALJ conducted a sixth hearing and found that Plaintiff's alcoholism was a factor material to his

---

[1] Larry Halterman's death certificate confirms that he passed away on January 31, 2004. The physician who completed the death certificate identified liver failure as one of the causes of Larry Halterman's death. Vicki Halterman became substitute plaintiff on August 30, 2004. Hereinafter, "Plaintiff" will refer to Larry Halterman; "Halterman" will refer to Vicki Halterman.

[2] Plaintiff's SSI claim is not at issue in this appeal, having been previously dismissed by the district court. The dismissal is not challenged by Ms. Halterman.

No. 12-31099

disability determination, and that Plaintiff was not disabled and not entitled to DIB prior to March 31, 1999, when he was last insured. Following this hearing, the Appeals Council concluded that substantial evidence supported the ALJ's decision, and thus it became the Commissioner's final administrative decision for purposes of federal court review pursuant to 42 U.S.C. § 405(g). Plaintiff sought review of the Commissioner's final decision in the district court, but, on July 20, 2012, a magistrate judge issued a Report and Recommendation, affirming the Commissioner's final decision and dismissing Plaintiff's complaint. The district court adopted the magistrate judge's report. This appeal followed.

## II.

The question before us is whether there is substantial evidence supporting the Commissioner's determination that alcohol abuse was a contributing factor material to the determination of Plaintiff's disability during the relevant period.[3] If it were, no benefits are due.[4] Halterman, as Plaintiff's sole surviving heir, argues that the Commissioner's denial of benefits – largely based on the ALJ's finding that there were jobs Plaintiff could have performed if he had stopped abusing alcohol – was error. She contends on appeal that (1) the Commissioner's findings are incompatible with certain 2006 expert testimony regarding the type of work Plaintiff was capable of performing during the relevant period, and (2)

---

[3] The period at issue is from Plaintiff's December 1, 1996 alleged onset date, through March 31, 1999, the date he was last insured for DIB.

[4] An individual is not eligible for benefits if either drug addiction or alcoholism is a contributing factor material to a determination of disability. *See* 42 U.S.C. § 423(d)(2)(C); 20 C.F.R. § 404.1535. Thus, if under the five step sequential evaluation, *see infra* n.6, there were jobs that Plaintiff could have performed during the relevant time period if he had not abused alcohol, his alcoholism would be material to the disability determination, and he would not have been eligible for benefits. Claimant bears the burden of proving that alcohol addiction is not a contributing factor to his disability. *Brown v. Apfel*, 192 F.3d 492, 498 (5th Cir. 1999). Here, Halterman failed to rebut the Commissioner's step five finding and thus failed to satisfy her burden.

this error requires us to reverse the district court's decision and remand the case with instructions for an award of benefits. These claims fail.

At the outset, we note the standard for determining disability under the Act is whether the claimant is unable to perform substantial gainful activity for at least twelve months because of a medically determinable impairment. *See* 42 U.S.C. § 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner uses a five-step "sequential evaluation" to determine whether an individual is disabled under the Act. *See* 20 C.F.R. § 404.1520(a)(4).[5] It is Halterman's contention that the ALJ erred under the fifth step of this test, when he found that, if Plaintiff stopped abusing alcohol, he could have made a successful adjustment to work that existed in significant numbers in the national economy – specifically, Plaintiff could have performed the occupation of cleaner/housekeeper.

We review the Commissioner's decision only to ascertain whether it is supported by substantial evidence and whether the Commissioner applied the proper legal standards in evaluating the evidence. *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000). We may not re-weigh the evidence or substitute our own judgment for that of the Commissioner, even if the evidence weighs against the Commissioner's decision. *Id.* "The Commissioner's decision is granted great deference and will not be disturbed unless a reviewing court cannot find substantial evidence in the record to support the Commissioner's decision or finds that the Commissioner made an error of law." *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995).

---

[5] The Commissioner's regulations set out this "sequential evaluation" process. The steps are as follows: (1) Is the claimant currently performing substantial gainful activity?, (2) Does the claimant have a severe impairment?, (3) Does the impairment meet or equal an impairment listed in Appendix 1 of the regulations?, (4) Does the impairment prevent the claimant from performing his or her past relevant work?, and (5) Does the impairment prevent the claimant from performing any other work? *See* 20 C.F.R. § 404.1520(a)(4).

No. 12-31099

Here, as part of her main argument, Halterman points out that vocational expert Joni Crayton ("Crayton") testified at a 2006 hearing that a hypothetical individual with Plaintiff's residual functional capacity (RFC) for light work could perform the job of housekeeper, which requires, in Crayton's words, "standing and walking [for] eight hours a day at light [sic]." Halterman interprets this statement to mean the ability to either stand up to eight hours or walk up to eight hours a day, a capacity Plaintiff lacked. She bases her conclusion on the testimony of Dr. Stephen Eppstein ("Eppstein"), who stated that "the claimant would have been able to sit up to 6 hours, *stand for 4 hours*, *and walk for 4 hours* in an 8-hour work day." (emphasis added). In short, Halterman argues that Crayton's testimony conflicts with Eppstein's evaluation: the minimum physical requirements, described by Crayton, of housekeeper exceeded Plaintiff's limited abilities, as ascertained by Eppstein.[6] Thus, according to Halterman, when the ALJ adopted Eppstein's RFC finding – which suggested Plaintiff could only work limited hours – but nonetheless concluded Plaintiff could have performed housekeeping work, the ALJ erred.

Halterman's claim is of no avail because there is substantial evidence supporting the ALJ's determination under step five of the sequential evaluation, 20 C.F.R. § 404.1520(a)(4)(v). As the Appeals Council explained, the ALJ's finding was that Plaintiff was capable of walking 4 hours out of 8 *and* standing 4 hours out of 8. This is equivalent to finding that he could have been on his feet for a total of 8 hours in a normal workday. Therefore, the ALJ's finding, adopted by the Commissioner, (1) shows that, per Crayton's statement, Plaintiff was eligible to perform housekeeping work,[7] and (2) is consistent with Eppstein's

---

[6] Halterman appears to argue that Eppstein meant that Plaintiff was capable of *either* walking four hours *or* standing four hours, but not both, in an eight-hour work day.

[7] Additionally, Plaintiff's ability to perform housekeeping worked was confirmed by the testimony of vocational expert Charles Smith, who told the ALJ that an individual with

No. 12-31099

statements, which state Plaintiff could stand and walk in some combination totaling eight hours. Furthermore, when the Commissioner credited the vocational experts' testimony and found Plaintiff ineligible for benefits under step five, he adhered to the correct legal standard: Vocational testimony that a claimant can perform a number of jobs suited to his capabilities satisfies the Commissioner's burden of showing that the claimant is not disabled. *See Fortenberry v. Harris*, 612 F.2d 947, 950 (5th Cir. 1980). Once the Commissioner found that cleaning/housekeeping jobs in the national economy were available to the claimant, the burden of proof shifted back to Halterman to rebut this finding. *Fraga v. Bowen*, 810 F.2d 1296, 1302 (5th Cir. 1987). She has not done so. Therefore, the record does not conclusively show that Plaintiff is entitled to benefits, and it would be inappropriate for us to remand.

### III.

We conclude that the Commissioner's decision is supported by substantial evidence and resulted from the application of the correct legal standards. Accordingly, the decision of the district court affirming the Secretary's denial of benefits is

AFFIRMED.

---

Plaintiff's RFC could stand for four hours and walk for four hours in an eight-hour day, and thus could perform the job of cleaner/housekeeper.