Joseph A. **DEMANDRE**,
**Plaintiff-Appellee**,

v.

Joseph A. **CALIFANO, Jr.**, Secretary of Health, Education and Welfare, Defendant-Appellant.

No. 78–2646
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

March 22, 1979.

Rehearing Denied May 8, 1979.

---

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

John P. Volz, U. S. Atty., Mary Wms. Cazalas, Asst. U. S. Atty., New Orleans, La., Barbara Allen Babcock, Asst. Atty. Gen., Dept. of Justice, Civil Div., Appellate Staff, Washington, D. C., Andrew E. Wakshul, Dept. of HEW, Baltimore, Md., for defendant-appellant.

Ungar, Dulitz, Jacobs & Manuel, New Orleans, La., Richard B. Stricks, New Orleans, La., for plaintiff-appellee.

Before CLARK, GEE and HILL, Circuit Judges.

PER CURIAM:

This appeal involves an application for disability insurance benefits by the Secretary of Health, Education and Welfare. The Secretary denied benefits; the District Court reversed. We reverse the District Court.

The claimant, Joseph Demandre, filed an application for a period of disability and disability insurance benefits under Title II of the Social Security Act on April 4, 1974, alleging disability due to knee and back trouble dating from June 19, 1973. After agency denials at the initial, reconsideration, and Appeals Council levels, he filed a civil action in the United States District Court for the Eastern District of Louisiana. On October 18, 1976, the District Court remanded the case for further administrative proceedings. An additional hearing was held, and the Appeals Council, on March 24, 1977, again denied the plaintiff's application for benefits. After the case was returned to the District Court, the United States Magistrate recommended that the Secretary's decision be reversed. On June 9, 1978, the District Court adopted the recommendation of the Magistrate, and granted plaintiff's motion for Summary Judgment. The Secretary brought this appeal.

Plaintiff alleged disability beginning on June 19, 1973, due to injuries to his knees which he sustained in a fall while working on a grain barge.

Claimant was born in July of 1928 and completed 6 years of school. He has been employed as a gun crew member aboard a merchant ship, scoopmobile driver, motorman and pipelayer, dump-truck driver, in construction, and has performed heavy work in the oil fields as a roughneck. His special insured status for disability purposes, and the date prior to which he must prove total disability, expired on June 30, 1973. Since 1973, plaintiff has received medical treatment for his back and knee problems. He asserts that he cannot do any work which requires manual labor, heavy or frequent lifting, bending, squatting, climbing stairs and ladders, or prolonged walking and standing. Plaintiff has not worked since June 19, 1973.

[1, 2] The legal framework for our analysis is well-settled. In Social Security disability cases, the claimant bears the burden of showing the existence of disability as defined by the Act. *McDaniel v. Califano*, 568 F.2d 1172 (5th Cir. 1978); *Turner v. Califano*, 563 F.2d 669 (5th Cir. 1977). Disability is defined by the Social Security Act "[as] inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). To qualify for benefits, it must be shown that the claimant suffers from a mental or physical impairment that not only renders him unable to perform his previous work but, given his age, education, and work experience, prevents him from engaging "in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. 42 U.S.C. § 423(d)(2)(A).

■ The Social Security Act is also clear in requiring that disability must be proven to exist during the time that the claimant is insured within the meaning of the special insured status requirements of the Act. 42 U.S.C. §§ 416(i)(3) and 423(c)(1), 42 U.S.C. § 423(c)(1) specify, with exceptions not relevant here, that an individual is insured for disability purposes in any month in which he has at least 20 quarters of coverage during the 40 quarters period ending with the quarter in which such month occurs. This means that a claimant must prove his disability existed prior to the last month in which this "20 out of 40" test is met. If a claimant becomes disabled *after* he has lost insured status, his claim must be denied despite his disability. *See e. g., Kirkland v. Weinberger*, 480 F.2d 46 (5th Cir. 1973) *cert. denied*, 414 U.S. 913, 94 S.Ct. 255, 38 L.Ed.2d 155 (1973); *Chance v. Califano*, 574 F.2d 274 (5th Cir. 1978); *Seals v. Gardner*, 356 F.2d 508 (5th Cir. 1966).

The Secretary found that Plaintiff last had the necessary insured status on June 30, 1973. The medical evidence generally supports a finding that Claimant's condition deteriorated *after* expiration of his insured status. There is substantial evidence in the record to support this basis for the Secretary's decision denying plaintiff's claim. Plaintiff worked at his normal position until his fall on June 19, 1973, just 11 days prior to the expiration of his insured status. Medical evidence of his condition at that time in 1973 does not indicate a severe totally disabling condition. Dr. Rozas, who saw Plaintiff at the time of his injury in June 1973, felt that by August 1973 there was no pain and no fluid, and Plaintiff had a full range of motion. Dr. Wickstrom testified that Plaintiff went "down hill" at least six months *after* he was injured, and that as of July 16, 1973, Claimant could have returned to work but not heavy manual labor. Dr. Blitz rated claimant as 15% disabled as of September 6, 1973. Plaintiff was hospitalized from July 31, to October 10, 1974, at which time a left patellectomy was performed. He was discharged as not fit for duty. Since that time Plaintiff has continued to complain of pain. The Chief of the Orthopedic Department at the Public Health Service Hospital wrote on January

27, 1977, that Plaintiff had not been fit for duty since August 23, 1974, and had continued pain and discomfort.

Judicial review of the Secretary's findings is limited to a determination of whether the findings are supported by substantial evidence. *See Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). It is not the function of the courts to substitute their judgment for that of the Secretary. *Laffoon v. Califano*, 558 F.2d 253 (5th Cir. 1977). The Administrative Law Judge found that the Plaintiff was capable of working as a repairer of carburetors, generators, or alternators, as an attendant at a self-service gas station, and as a cashier in parking lots and restaurants. There is substantial evidence in the record to support the findings of the Administrative Law Judge concerning both the extent and time of onset of Plaintiff's disability and his residual capabilities. Therefore the Secretary's denial of disability benefits must be sustained. Accordingly, the district court's judgment is

REVERSED and REMANDED.