**Carl D. McFARLAND**

v.

**Patricia Roberts HARRIS, Secretary of Health and Human Services.**

**Civ. A. No. B–78–566–CA.**

United States District Court,
E. D. Texas,
Beaumont Division.

Aug. 29, 1980.

John D. Rutland, Beaumont, Tex., for plaintiff.

John H. Hannah, Jr., U. S. Atty., Houston Abel, Asst. U. S. Atty., Tyler, Tex., for defendant.

MEMORANDUM OPINION AND ORDER

JOE J. FISHER, District Judge.

The plaintiff, Carl D. McFarland, filed this action under Sections 205(g) and 1631(c)(3) of the Social Security Act (Act), 42 U.S.C. §§ 405(g), 1383(c)(3), seeking judi-

cial review of a final decision of the Secretary of Health and Human Services (Secretary) denying his claims for disability insurance and supplemental security income benefits pursuant to Titles II and XVI of the Act. Both parties have moved the Court for summary judgment in their favor.

The plaintiff filed his application for benefits under the Act on August 10, 1977, alleging that he became disabled within the meaning of the Act on February 13, 1976. The plaintiff's claims were all denied, upon initial consideration, after a hearing before an administrative law judge (ALJ), and by the Appeals Council.

The plaintiff was born on June 14, 1944, and finished the ninth grade in high school. He has worked at various jobs since then, including truckdriver, laborer, salesman, and pipefitter. He has also owned and operated a produce stand and fished commercially. The plaintiff sustained a serious injury to his back on August 13, 1970. In 1971, a metal support was inserted in his back. On February 13, 1976, the plaintiff slipped and fell while working, injuring his left knee and aggravating his previous back injury.

The Court's function in this action is limited to determining whether the decision of the Secretary is supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971); *Fortenberry v. Harris*, 612 F.2d 947 (5th Cir. 1980). Substantial evidence is more than a scintilla and must do more than create a suspicion of the existence of the fact to be established, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *NLRB v. Columbian Enameling & Stamping Co.*, 306 U.S. 292, 299–300, 59 S.Ct. 501, 504–505, 83 L.Ed. 660 (1939); *Hemphill v. Weinberger*, 483 F.2d 1137 (5th Cir. 1973); *Payne v. Weinberger*, 480 F.2d 1006 (5th Cir. 1973); *Rivas v. Weinberger*, 475 F.2d 255 (5th Cir. 1973).

In determining whether a claimant is under a disability as defined in the Act, the Secretary must consider the claimant's age, education and work experience, along with his physical and mental impairments. 42 U.S.C. § 423(d)(2)(A); *Demandre v. Califano*, 591 F.2d 1088 (5th Cir. 1979).

Upon examination of the record, it is clear that there is not substantial evidence to support the Secretary's finding that the plaintiff, considering his age, education and work experience, as well as his physical and mental condition, was able to engage in substantial gainful activity that exists in the national economy. In point of fact, the evidence unequivocally shows, and the Court finds, that the plaintiff's physical impairments prevented him from engaging in such activity beginning on February 13, 1976.* The decision of the Secretary cannot stand.

Shortly after the date the plaintiff alleges as the onset of his disability, the metal support that was placed in his back in 1971 was found to have become loosened, producing great pain and an inflammatory reaction. Transcript at 118. The plaintiff testified at the hearing before the ALJ as follows:

Q. How do you do sitting? Could you sit in that chair all day?

A. No, sir.

Q. Could you do a job like sit out in a produce stand, if you could sit or stand up at your own option? Could you stay on that produce stand all day?

A. No, sir.

Q. What would happen to you if you tried to stay out there all day? What would you have to do?

A. Well, I start hurting and I have to go lay down.

Q. How long do you think you could stay out there before you had to go lay down someplace?

A. I couldn't stay over couple, three hours at the most.

---

* The plaintiff has alleged various ailments in addition to the back and knee injuries and their accompanying pain, which he contends rendered him disabled. The Secretary's findings as to these other ailments are supported by substantial evidence and must be affirmed.

Transcript at 54–55. The plaintiff later testified that he spends "approximately seventeen hours out of twenty–four in the bed." Transcript at 58. The plaintiff's subjective testimony of back pain is supported by the reports in the record from various physicians, both treating and examining. Transcript at 117–19, 133–37. Dr. Stephenson reported on September 26, 1977, that the plaintiff would have to take periodic rest breaks if he were to work sitting down. Transcript at 118. This evidence establishes a physical limitation on the plaintiff's ability to work.

While conducting the questioning of the vocational expert witness, Mr. Hooge, the ALJ asked the following hypothetical question:

Q. * * * We have a thirty–three–year–old man with a ninth grade education and a work history such as that possessed by Mr. McFarland–roustabout, truck driver, pipefitter, self–employed produce dealer, retail dealer, brief experience in pawnshop sales, some experience as a deckhand.

Such a man physically could stand for ten minutes. He could walk for two blocks. He could not stoop and bend–do it infrequently to pick up something that accidentally dropped, possibly a light object, but he couldn't do it on a sustained basis. He could sit if he had an opportunity to shift position for comfort, including the option to stand in the work area. He could lift objects, ten–pound objects, with his hands and arms from a table–top level.

Now, this man, because of pain primarily, if he were to sit or stand, he could only do it for a couple or three–three hours at the most, sustained period. After three hours, he'd have to go lie down for a while, thirty minutes or so. However, after lying down, he could conceivably go back to this alternate sitting and standing.

The more the day wore on, the shorter the intervals between the laying–down periods. It would then be three hours first stop, two hours second stop.

Transcript at 64–65. Having admirably summarized the plaintiff's condition, as established by the overwhelming weight of the evidence in the record, the ALJ then asked the crucial question of Mr. Hooge:

Is there any work in the economy that a man of that age, education, work experience, having the physical capability or limitation as I've outlined it, could perform?

Transcript at 65. Mr. Hooge's response was:

A. I could find no work under those conditions. Id.

This, obviously, was not the answer the ALJ expected or desired. Panic-stricken, the ALJ proceeded to modify the hypothetical set of facts by deleting the portion that referred to the plaintiff's need to lie down periodically in order to relieve the pain in his back. Mr. Hooge then testified that he "could find some employment for him." Id.

The ALJ's second hypothetical was clearly improper. The uncontroverted lay and medical evidence shows that the plaintiff, due to his back condition, was unable to sit or stand for more than three hours without lying down to rest. The ALJ's second hypothetical was irrelevant, since it omitted a significant element of the plaintiff's physical condition. Mr. Hooge's answer to it constitutes no evidence as to the plaintiff's ability to engage in substantial gainful activity. Mr. Hooge's answer to the first, properly–formulated hypothetical, however, constitutes clear evidence that the plaintiff was unable due to his physical limitation to engage in substantial gainful activity existing in the national economy. The Secretary's disregard of this evidence was totally unwarranted.

The Court, faced as it is with a fully–developed record, has no choice but to reverse the decision of the Secretary and remand this case to her with directions to enter an award of disability insurance and supplemental security income benefits in favor of the plaintiff. *Gardner v. Smith*, 368 F.2d 77, 86 (5th Cir. 1966); *Flemming v. Rhoades*, 276 F.2d 788 (5th Cir. 1960). The Secretary is directed to find that the plain-

tiff was disabled as that term is defined in the Act on February 13, 1976, and to award benefits under the Act beginning in August of 1976. 42 U.S.C. § 423(b). It is, therefore,

ORDERED, ADJUDGED and DECREED that the Secretary's motion for summary judgment is DENIED; the plaintiff's motion for summary judgment is GRANTED; and the decision of the Secretary is hereby REVERSED, and the cause REMANDED to the Secretary with directions to enter an award of disability insurance benefits and supplemental security income benefits to the plaintiff in accordance with this memorandum opinion.