Agustin L. **MANZANO**, Plaintiff,

v.

Otis R. **BOWEN**, M.D., Secretary of Health and Human Services, Defendant.

Civ. A. No. 83–1566.

United States District Court, District of Columbia.

Feb. 12, 1987.

Louis Fireison, Louis Fireison & Associates, P.A., Daniel J. Blum, Bethesda, Md., for plaintiff.

Joseph E. diGenova, U.S. Atty., Royce C. Lamberth, Paul L. Colby, Asst. U.S. Attys., for defendant.

## MEMORANDUM OPINION AND ORDER

REVERCOMB, District Judge.

This matter is before the Court on defendant's Motion for Judgment of Affirmance and Plaintiff's Cross-Motion for Judgment of Reversal. This action is brought under 42 U.S.C. § 405(g) to review a decision of the Secretary of Health and Human Services ("Secretary") denying plaintiff's application for benefits under the Social Security Act, 42 U.S.C., § 401 *et seq.*

Initially, the case was considered *de novo* by an Administrative Law Judge (ALJ) who determined plaintiff was ineligible for the benefits. This determination became the final decision of the Secretary when the Appeals Council denied plaintiff's request for formal review. Plaintiff brought this action in June, 1983 and the judge to whom the case was previously assigned remanded to the Secretary for further findings.[1]

Plaintiff was carried on the enlistment rolls of the United States Army from April 7, 1932 until June 30, 1946. Plaintiff contends his military service continued uninterrupted, however, defendant asserts plaintiff was in "non-casualty" status from October, 1942 to July 27, 1945. The primary question before the ALJ was whether plaintiff was entitled to benefits credit for this time period. The sole issue before the Court is whether the ALJ's denial of benefits credit for this period was based on substantial evidence. *See,* 42 U.S.C. § 405(g); *Ignoia v. Califano,* 568 F.2d 1383 (D.C.Cir.1977) (standard of judicial review of Secretary's decision).

The relevant evidence presented by plaintiff to the Secretary consisted of 1) an uncorroborated affidavit of the plaintiff stating he was active in a recognized guerrilla unit during the period in question, and 2) a 1973 U.S. Government statement showing plaintiff was on the enlistment rolls continuously from 1932 through 1946. Defendant countered this evidence with 1) a 1948 Veteran's Administration form stating plaintiff was not in a casualty status during the relevant time period, and 2) a 1949 U.S. Army, Philippines Command Headquarters form stating plaintiff is not listed as serving under a recognized commissioned officer during that time.

After considering this evidence the Secretary determined plaintiff was not entitled to benefits credit for October 1942 through July 26, 1945. Plaintiff has the initial burden of proof to show that he is entitled to benefits. *Demandre v. Califano,* 591 F.2d 1088 (5th Cir.1979). The ALJ reviewed the contentions contained in plaintiff's affidavit and the enlistment statement of the U.S. Government. The ALJ determined the latter was not a complete document for determining pay status because it did not contain a breakdown of the categories of service. (Tr. 46-7).[2] The record failed to support plaintiff's affidavit statements, as the ALJ concluded the defendant's documents

---

**1.** Plaintiff repeatedly misstates that the case was remanded because "there was insufficient evidence upon which the Secretary could reasonably decide" Manzano's status. (Plaintiff's opposition to Motion for Judgment of Affirmance at 5). The matter was remanded for elaboration of the ALJ's findings and conclusions.

(*Manzano v. Secretary, Dept. of H.H.S.,* No. 83-1566, slip op. at 4 (D.D.C. April 18, 1984)) (order consolidating and remanding action).

**2.** "Tr." denotes pages of the administrative record filed as part of defendant's answer to the complaint.

dated 1948 and 1949 were more conclusive and were prepared for the specific purpose of establishing whether plaintiff was in casualty status. (Tr. 46–7).

The Court concludes that the ALJ's decision was based on substantial evidence. Plaintiff's affidavit was uncorroborated and unsubstantiated. The enlistment statement of the U.S. Government was inconclusive of active status, as a person deceased or AWOL could also conceivably be carried simultaneously on an enlistment roll. Finally, the ALJ was justified in giving more credence to the defendant's documents since they were prepared for purposes of establishing specific military status, and were completed nearly contemporaneously with the time period in question.

Accordingly, it is, by the Court, this 12 day of February, 1987,

ORDERED that defendant's Motion for Judgment of Affirmance is hereby GRANTED, and it is further

ORDERED that plaintiff's Cross-Motion for Judgment of Reversal is hereby DENIED.