[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-14004
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 16, 2011
JOHN LEY
CLERK

D.C. Docket No. 2:09-cv-00085-LGW-JEG

CATHERINE ELAINE MASON,

                                                    Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

                                                    Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(June 16, 2011)

Before BARKETT, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Catherine Elaine Mason appeals the district court's order affirming the Social Security Administration's ("agency's") denial of her application for disability insurance benefits ("DIB"), pursuant to 42 U.S.C. § 405. The ALJ denied Mason's application for DIB after finding that she retained the residual functional capacity ("RFC") to return to her past work.

On appeal, Mason argues that the ALJ, when calculating her RFC, inappropriately discounted the opinions of Dr. Charles Galea and Dr. Robert Pumpelly, two of her treating physicians. Mason also argues that contrary to the ALJ's finding that she did not credibly testify about the limiting effects of her pain, her persistent efforts to seek medical attention entitled her to a favorable credibility finding.

I.

We review the agency's legal conclusions *de novo*, and its factual findings to determine whether they are supported by substantial evidence. *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1260 (11th Cir. 2007). Substantial evidence is defined as "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id*. Under this standard, we must affirm an agency decision supported by substantial evidence "even if the proof preponderates against it." *Id.*

DIB claimants must show that they were disabled on or before their last-insured date. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). Consequently, to prove her eligibility for DIB, Mason had to prove that she suffered from a disability between her alleged onset of December 2004, and her last-insured date of December 2005. "If a claimant becomes disabled [a]fter [s]he has lost [her] insured status, [her] claim must be denied despite [her] disability." *Demandre v. Califano*, 591 F.2d 1088, 1090 (5th Cir. 1979) (holding that substantial evidence supported the ALJ's denial where the evidence showed that the claimant was insured until June 1973, but the medical evidence showed that his condition did not become disabling until some point in 1974).[1]

The Social Security regulations establish a five-step, "sequential" process for determining whether a claimant is disabled. 20 C.F.R. § 404.1520(a)(1). If an ALJ finds a claimant disabled or not disabled at any given step, the ALJ does not go on to the next step. *Id.* §404.1520(a)(4). At the first step, the ALJ must determine whether the claimant is currently engaged in substantial gainful activity. *Id.* § 404.1520(a)(4)(I). At the second step, the ALJ must determine whether the

---

[1]    In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981)(en banc), this Court adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

impairment or combination of impairments for which the claimant allegedly suffers is "severe." *Id.* § 404.1520(a)(4)(ii). At the third step, the ALJ must decide whether the claimant's severe impairments meet or medically equal a listed impairment. *Id.* § 404.1520(a)(4)(iii). The ALJ must then determine, at step four, whether the claimant has the RFC to perform her past relevant work. *Id.* § 404.1520(a)(4)(iv). Where, as here, the ALJ finds that the claimant has the RFC to perform past relevant work, she is not disabled, and her claim for DIB is denied. *Id.*

As a general matter, the ALJ must afford the opinion of an examining physician considerable weight. *Marbury v. Sullivan*, 957 F.2d 837, 840 (11th Cir. 1992). An ALJ may reject a treating physician's opinion, however, upon a showing of good cause. *Phillips v. Barnhart*, 357 F.3d 1232, 1240 (11th Cir. 2004). "Good cause" exists when the: "(1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Id*. at 1240-41.

Where a treating physician expresses uncertainty as to his own medical findings, the ALJ has no obligation to defer to his opinion. *Edwards v. Sullivan*, 937 F.2d 580, 584 (11th Cir. 1991). Further, a treating physician's opinion is not entitled to considerable weight if it conflicts with the claimant's own testimony

regarding her daily activities. *Id.* at 1241. Where the medical record contained a retrospective diagnosis, that is, a physician's post-insured-date opinion that the claimant suffered a disabling condition prior to the insured date, we affirm only when that opinion was consistent with pre-insured-date medical evidence. *See Payne v. Weinberger*, 480 F.2d 1006, 1007-08 (5th Cir. 1973) (holding that the ALJ erred in determining that the claimant was disabled when a retrospective diagnosis, along with all other medical evidence, supported a finding of disability); *Estok v. Apfel*, 152 F.3d 636, 640 (7th Cir. 1998) (ruling that "[a] retrospective diagnosis may be considered only if it is corroborated by evidence contemporaneous with the eligible period" and citing cases from that First, Second, Eighth, Ninth, and Tenth Circuits that were in accord).

Dr. Galea did not see Mason until February 2006, after her insured status expired. In the absence of corroborating medical evidence that Mason suffered from a disability during the relevant disability period—December 2004 to December 2005—the ALJ had good cause to discount this opinion. To begin, while Mason visited Dr. Galea frequently, these visits began on February 15, 2006, nearly two months after her last-insured date. Because Dr. Galea did not assess Mason's medical condition until after the relevant disability period, his opinion was a retrospective diagnosis that was not entitled to deference unless corroborated by contemporaneous medical evidence of a disabling condition.

However, despite Dr. Galea's opinion that Mason was unable to perform any significant work, numerous medical records indicate that, during the relevant period, Mason's conditions were not persistent, alternating at random from asymptomatic to "flares" and radiological tests showed only mild degenerative conditions. Further, objective physical examinations tended to show tenderness but no swelling, and she appeared in no acute distress. Finally, her pain appeared to be controlled through adjusting types and levels of medication, and she was specifically counseled against more drastic measures such as surgery. This conflict between the medical evidence and Dr. Galea's opinion supports a decision to discount that opinion.

With respect to Dr. Pumpelly, the ALJ did not discount his opinion at all, but simply found, consistent with our law, that his RFC assessment was irrelevant because it did not specify that it pertained to Mason's condition during the disability period. The ALJ relied extensively on Dr. Pumpelly's medical records, and his decision is replete with cites to Dr. Pumpelly's examination notes. Insofar as the ALJ found that Dr. Pumpelly's RFC assessment was irrelevant, he was correct because the assessment did not state that it pertained to the disability period and the evidence tended to show that Mason's condition may have worsened between her last-insured date and the assessment date. Moreover, while Dr. Pumpelly placed a check next to a sentence attesting to his belief that Mason's

disabling condition existed prior to the insured date, and also opined that she had

been unable to work since 2004, those documents would not make his RFC

assessment relevant because they did not specify how, if at all, Mason's RFC

differed between the relevant disability period and the time in which he submitted

his formal assessment.  Additionally, Dr. Pumpelly's opinion on Mason's RFC

conflicted with abundant medical evidence, for the same reasons discussed as to

Dr. Galea.   Accordingly, we conclude that no error occurred in the ALJ's

treatment of both opinions.[2]

## II.

In cases where a claimant attempts to establish disability through her own

testimony concerning pain or other subjective systems, we apply a three-part "pain

standard." *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991).  This standard

requires evidence of an underlying medical condition; and either: (1) objective

medical evidence confirming the severity of the alleged pain arising from that

condition; or (2) that the objectively determined medical condition is of such

severity that it can be reasonably expected to give rise to the alleged pain. *Id.*

---

[2]      Insofar as Mason additionally asserts that the ALJ violated the Hearings, Appeals, and Litigation Law Manual ("HALLEX") by sending Dr. Galea a letter without first notifying the parties, we hold that, even if Mason was correct that a violation occurred, any such error was harmless because Dr. Galea's failure to respond did not alter the ALJ's conclusion that his opinion was inconsistent with the other medical evidence. *See Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983).

Factors that are relevant to the pain inquiry include: (I) the claimant's daily activities; (ii) the location, duration, frequency, and intensity of the claimant's pain or other symptoms; (iii) precipitating and aggravating factors; (iv) the type, dosage, effectiveness, and side effects of any medication the claimant took to alleviate pain or other symptoms; (v) treatment, other than medication, the claimant received for relief of pain or other symptoms; and (vi) any measures the claimant personally used to relieve pain or other symptoms. 20 C.F.R. §§ 404.1529(c)(3); *Watson v. Heckler*, 738 F.2d 1169, 1172-73 (11th Cir. 1984). When the record shows that treating physicians have established physical limitations, "participation in everyday activities of short duration" will not disqualify a person from disability. *Lewis*, 125 F.3d at 1441.

Agency rulings on credibility have determined that, when the record extends over a lengthy period of time, an individual's attempt to obtain treatment "lend support" to her

> allegations of intense and persistent pain or other symptoms for the purposes of judging the credibility of the individual's statements. Persistent attempts by the individual to obtain relief of pain or other symptoms, such as by increasing medications . . . may be a strong indication that the symptoms are a source of distress to the individual and generally lend support to an individual's allegations of intense and persistent symptoms.

SSR 96-7p at 7.

If the ALJ decides not to credit a claimant's subjective testimony, "he must articulate explicit and adequate reasons for doing so." *Holt*, 921 F.2d at 1223. These reasons must be supported by substantial evidence and "take into account and evaluate the record as a whole." *McCruter v. Bowen*, 791 F.2d 1544, 1548 (11th Cir. 1986).

Mason's testimony was contradicted by her own admissions that, between December 2004 and December 2005, she engaged in significant physical activity, and these statements were corroborated by medical evidence. Despite Mason's position that her pain was crippling and she was unable to work, she reported an ability to walk up to three miles both before and after her last-insured date. From 2005 until at least 2006, she also did some gardening outdoors, shopped, painted, drove on her own, and performed routine exercise. Her daughter largely corroborated her activities, and opined that she had no problems grooming herself or preparing meals. This testimony about her activities was corroborated further by the medical records. She reported to physicians that standing and walking did not aggravate her symptoms. Accordingly, we hold that substantial evidence supported the ALJ's adverse credibility finding.

**AFFIRMED.**