[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-10055
Non-Argument Calendar
_____

D.C. Docket No. 1:10-cv-00008-MP-GRJ


ROSCOE DOUGLAS,

Plaintiff - Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant - Appellee.


_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(August 7, 2012)

Before WILSON, JORDAN, and ANDERSON, Circuit Judges.

PER CURIAM:

Roscoe Douglas appeals from the district court's order affirming the Administrative Law Judge's ("ALJ") denial of disability insurance benefits, pursuant to 42 U.S.C. § 405(g).  He argues that (1) there is not substantial evidence in the record to support the ALJ's finding that his past work experience included a position as an office helper, and (2) the ALJ failed to follow this circuit's standard for determining whether his allegations of pain merited a finding of disability.  After review, we affirm.

## I.

We review the ALJ's decision to determine if it is "supported by substantial evidence and based on proper legal standards.  Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir.2004) (per curiam) (internal citation omitted).

For entitlement to disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.*, a claimant must show that he had a medically determinable impairment of at least a year in duration that made him unable to engage in substantial gainful activity.  *See* 42 U.S.C. § 423(d)(1)(A). The claimant must also show that he was disabled prior to the expiration of his health insurance.  *See* 42 U.S.C. §§ 416(i), 423(a).  In determining whether a

2

claimant has proven that he is disabled, the ALJ must complete a five step sequential evaluation process. *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999). During the first three steps, the claimant bears the burden of proving that (1) he "has not engaged in substantial gainful activity," (2) he "has a severe impairment or combination of impairments," and (3) his "impairment or combination of impairments meets or equals a listed impairment." *Id.* If the claimant "cannot prevail at the third step, [he] must proceed to the fourth step where [he] must prove that [he] is unable to perform [his] past relevant work." *Id.* Specifically, the claimant must show that he is not "able to perform his past *kind* of work, not that he merely [is] unable to perform a specific job he held in the past." *Jackson v. Bowen*, 801 F.2d 1291, 1293 (11th Cir. 1986) (per curiam). If the claimant does satisfy step four, at step five the burden shifts to the Commissioner to determine if there is other work available in the national economy that the claimant can perform. *Jones*, 190 F.3d at 1228. If the Commissioner demonstrates that jobs are available, the claimant must show that he is unable to perform those jobs in order to be found disabled. *Id.*

## II.

Douglas first argues that during step four the ALJ incorrectly determined that Douglas's past relevant work included a position as an office helper. This

3

argument ignores the fact that after the ALJ made a finding at step four that Douglas was capable of performing past relevant work, he nevertheless proceeded to step five and held in the alternative that other work was available in the national economy that Douglas is capable of performing. In making that determination, the ALJ relied on the testimony of a vocational expert. A vocational expert is a specialist in employment and vocational factors which influence employment. *Phillips v. Barnhart*, 357 F.3d 1232, 1240 (11th Cir. 2004). An ALJ may rely upon a vocational expert's testimony as the basis for finding that a claimant has the ability to find work in the national economy. *Id.* "When the ALJ uses a vocational expert, the ALJ will pose hypothetical question(s) to the vocational expert to establish whether someone with the limitations that the ALJ has previously determined that the claimant has will be able to secure employment in the national economy." *Id.* Here, the ALJ engaged in such a questioning process, and the vocational expert testified that Douglas was capable of performing a number of types of work. Based on the vocational expert's testimony, the ALJ determined that Douglas could perform other jobs in the national economy. Because Douglas does not challenge that finding and the ALJ's alternative determination that Douglas could find work in the national economy was proper, Douglas's argument fails.

III.

Douglas also argues that the ALJ applied the wrong pain standard and erred in discrediting Douglas's testimony regarding his level of pain. Under this circuit's "pain standard," a claimant wishing to establish a disability based on testimony of pain and other symptoms must show (1) evidence of an underlying medical condition, and (2) either (i) objective medical evidence confirming the severity of the alleged pain arising from that condition or (ii) evidence that the medical condition can reasonably be expected to give rise to the alleged pain. *Brown v. Sullivan*, 921 F.2d 1233, 1236 (11th Cir. 1991). A claimant's subjective testimony is sufficient to support a finding of disability if that subjective testimony is supported by medical evidence that satisfies the pain standard itself. *Id.* If the ALJ discredits the claimant's subjective pain testimony, he must articulate specific reasons for doing so, or else the testimony must be accepted as true. *See id.* Substantial evidence must support the ALJ's reasons for discrediting pain testimony. *See Hale v. Bowen*, 831 F.2d 1007, 1012 (11th Cir. 1987).

Here, the time period relevant to Douglas's disability determination is the span between the alleged onset date of his disability—April 23, 1999—and the date of termination of his health insurance—December 31, 1999. A claimant that becomes disabled after he loses insured status must be denied disability insurance

5

benefits despite his disability. See *Demandre v. Califano*, 591 F.2d 1088, 1090 (5th Cir. 1979) (per curiam). Douglas received no medical care between April 23, 1999 and December 31, 1999. He had scans in 1995 and 2000 that showed normal or minimal findings. In 1995, two doctors opined that Douglas was capable of performing low-intensity work. In 2004 and 2009, another doctor performed consultative examinations and recommended the same. Douglas also testified that he had been working as a house painter in 1997 through 2000, possibly indicating that he was able to perform substantial gainful activity. *See* 20 C.F.R. § 404.1571. Based on this information, the ALJ properly determined that the objective medical evidence did not indicate that Douglas was disabled during the relevant time period.

The ALJ also considered Douglas's subjective testimony. However, the ALJ determined that Douglas's testimony was not credible, and he specified a number of reasons for making that determination. For example, in 1994 Douglas claimed workers' compensation benefits and asserted a total disability, but in 1995 those benefits were revoked when it was discovered that he was working for cash while maintaining to his employer that he was still disabled. Additionally, a number of physicians testified that Douglas exhibited drug-seeking behaviors and that they had refused to prescribe narcotic medication to Douglas because they

believed his requests were motivated by a desire to obtain narcotics rather than a true medical problem.  Douglas had an extensive criminal record, which included crimes of dishonesty.  He also reported to a doctor in 1998 that he had been engaging in strenuous activities, such as cutting trees, lifting heavy objects, and painting.  Such evidence can properly be taken into consideration by a ALJ in evaluating the credibility of subjective complaints.  *See* 20 C.F.R. § 404.1529(c)(3)(I).

The ALJ considered the evidence concerning the intensity, persistence, and functionally limiting effects of Douglas's symptoms, as well as medical signs and laboratory findings, when evaluating Douglas's credibility.  *See* 20 C.F.R. § 404.1529.  He properly applied this circuit's pain standard, taking into account evidence during the relevant period.  He also considered evidence from before and after the relevant period that would have bearing on Douglas's disability during the relevant time.  The ALJ then properly found that no objective evidence indicated that Douglas was disabled between April and December of 1999 and that Douglas's subjective claims of pain were not credible.  Substantial evidence supports the ALJ's findings.

Although Douglas argues that various medical records from 2002 through 2008 indicate that he has serious medical problems that undermine the ALJ's

7

conclusion, we reiterate that the time period relevant to Douglas's disability

determination is the span between April 23, 1999 and December 31, 1999.

Because Douglas does not argue that those dates are incorrect and because the

ALJ's determinations were procedurally correct and supported by substantial

evidence, we affirm.

**AFFIRMED.**