[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-10190
Non-Argument Calendar

_____

D.C. Docket No. 8:16-cv-03079-TGW

TONY PIERRE BULLARD,

 Plaintiff-Appellant,

versus

COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,
NANCY L. CAVEY,
Lawyer,

 Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(September 28, 2018)

Before TJOFLAT, MARCUS and ROSENBAUM, Circuit Judges.

PER CURIAM:

Tony Pierre Bullard, proceeding *pro se*, appeals the District Court's order affirming the Social Security Commissioner's ("Commissioner") final decision denying his application for disability insurance benefits and dismissing his claim against his former attorney, Nancy L. Cavey, for lack of jurisdiction.  On appeal, Bullard argues that, although he alleged a disability onset date of May 1, 1998, he is entitled to disability insurance benefits because he has been disabled ever since an on-the-job truck accident on June 13, 1980.  He also argues that his former attorney, Cavey, never got the administrative law judge's ("ALJ") permission to withdraw from his case and did not uphold her professional responsibility to him.  For the reasons set forth below, we affirm.

I.

We review the Commissioner's decision to determine whether it is supported by substantial evidence and based on proper legal standards.  *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004).  Substantial evidence is "more than a scintilla" and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion that a claimant is or is not entitled to benefits.  *Id.*  We may not reweigh the evidence and decide facts anew, and must defer to the Commissioner's decision if it is supported by substantial evidence even if the evidence preponderates against it.  *Dyer v. Barnhart*, 395 F.3d

2

1206, 1210 (11th Cir. 2005).  The Commissioner's conclusions of law are reviewed *de novo*.  *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1260 (11th Cir. 2007).

An individual claiming disability insurance benefits must prove disability on or before the expiration of disability insured status.  *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005).  The ALJ uses a five-step, sequential evaluation process to determine whether a claimant is disabled.  *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011).  This five-step process asks whether the claimant: (1) is unable to engage in substantial gainful activity; (2) has a severe and medically determinable impairment; (3) has an impairment, or combination thereof, that meets or equals a Listing, and meets the duration requirement; (4) can perform past relevant work, in light of his residual functional capacity ("RFC"); and (5) can make the adjustment to other work, in light of his RFC, age, education, and work experience.  *See id.*; 20 C.F.R. § 404.1520(a)(4).  If the ALJ finds a claimant disabled or not disabled at any given step, the ALJ does not proceed to the next step.  20 C.F.R. § 404.1520(a)(4).

In this case, the ALJ ended his inquiry at step two, finding that Bullard had no medically determinable impairment.  Step two is a threshold inquiry that "allows only claims based on the most trivial impairments to be rejected." *McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986).  It thus "acts as a filter"

3

to weed out claims where there are no severe impairments at all. *Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987). To show a "severe" impairment, a claimant must show "any impairment or combination of impairments which significantly limits [his] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c); *see id.* § 404.1521(b) (defining the ability to perform basic work activities as "the abilities and aptitudes necessary to do most jobs," examples of which include walking, standing, sitting, and responding appropriately to usual work situations).

Here, substantial evidence supports the ALJ's finding that Bullard did not have a medically determinable impairment between May 1, 1998—Bullard's alleged onset date of disability—and June 30, 1998, the date he was last insured.[1] First, Bullard did not submit any medical records, evidence, or testing that indicated a disability during the relevant time period. Second, Bullard's testimony concerning his 1980 accident did not demonstrate a disabling impairment both because the accident occurred prior to his alleged disability onset date and because Bullard's earnings records show that he worked for several years after the 1980

---

[1] Because substantial evidence supports the ALJ's finding that Bullard did not have a medically determinable impairment, it supports the finding, *a fortiori*, that he did not have a *severe* medically determinable impairment.

4

accident.[2]  Finally, although Bullard presented medical evidence of impairment after June 30, 1998, there was no reasonable basis to conclude that this evidence related back to his previous disability claim.  *See Demandre v. Califano*, 591 F.2d 1088, 1090 (5th Cir. 1979) ("If a claimant becomes disabled *after* he has lost insured status, his claim must be denied despite his disability.") (emphasis in original);[3] *Jones v. Colvin*, No. 3:15-v-208-J-34MCR, 2015 WL 9694507, at *6 (M.D. Fla. Dec. 15, 2015) ("[O]pinions rendered after Plaintiff's date of last insured are of little value to the ALJ's disability determination . . . .").

## II.

We review the decision of the District Court as to its subject-matter jurisdiction *de novo*.  *Cash v. Barnhart*, 327 F.3d 1252, 1255 n.4 (11th Cir. 2003).  Plaintiffs must "affirmatively allege facts demonstrating the existence of jurisdiction." *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994).  The Social Security Act limits a district court's jurisdiction over claims related to Social Security benefits determinations to the review of the Commissioner's "final decision."  42 U.S.C. § 405(g).  Section 405(h) prohibits federal court review of

---

[2] In his application for supplemental security income benefits, Bullard alleged a disability onset date of August 1, 1999, which further undermines his claim that he was disabled on May 1, 1998.

[3] Decisions rendered by the former Fifth Circuit before close of business on September 30, 1981, are binding precedent in the Eleventh Circuit. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

administrative decisions except as provided in § 405(g). *Bloodsworth v. Heckler*, 703 F.2d 1233, 1236 (11th Cir. 1983) (citing 42 U.S.C. § 405(h)).

Bullard's complaint against Cavey asserts jurisdiction under 42 U.S.C. § 405(g). As explained above, however, § 405(g) provides jurisdiction only over final decisions related to Social Security benefits. Bullard's complaint against his former attorney does not, therefore, fit into § 405(g)'s jurisdictional grant. Nor does it appear to fall within any other grant of federal jurisdiction. Liberally construed, Bullard's claim against Cavey presents issues of contract or malpractice law, neither of which confers federal question jurisdiction. Diversity jurisdiction is similarly unavailable as Bullard alleges that he and Davey are both citizens of Florida. And because Bullard's claim against Cavey is not part of the same case or controversy as his complaint for review of the Commissioner's decision, the District Court was correct in finding no basis for supplemental jurisdiction under 28 U.S.C. § 1367.[4]

### III.

For the reasons discussed above, the District Court's judgment is **AFFIRMED.**

---

[4] We further agree with the District Court that it lacked personal jurisdiction over Cavey because Bullard served her by first-class mail. *See* Fed. R. Civ. P. 4(e).