[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-14887
Non-Argument Calendar

_____

D.C. Docket No. 4:16-cv-00431-KOB

MICHELE BAILEY,

Plaintiff-Appellant,

versus

SOCIAL SECURITY ADMINISTRATION,
COMMISSIONER,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(November 6, 2019)

Before WILSON, MARTIN, and BRANCH, Circuit Judges.

PER CURIAM:

Michele Bailey appeals the district court's order affirming the Commissioner

of Social Security's denial of Bailey's application for disability insurance benefits.

On appeal, Bailey claims that: (1) the administrative law judge ("ALJ") failed to

properly weigh the medical opinion of her treating physician, Dr. Keithan; and (2) the ALJ's decision was not based on substantial evidence because he failed to consider or rejected several pieces of favorable evidence.  After reviewing the record and considering the parties' briefs, we affirm.[1]

## I.

On August 20, 2012, Bailey filed an application for disability insurance benefits with the Social Security Administration ("SSA"), claiming her disability began on October 1, 2007.[2]  Her claim was initially denied.  She requested a hearing, which was held on March 4, 2014, at which she appeared and testified. Gayla Whitlock, Bailey's sister, and Miranda Cater, Bailey's former coworker, also testified on her behalf.  Bailey submitted as well a physical capacities form from her treating physician, Dr. John Keithan.  Dr. Keithan stated that, as a result of her disability, Bailey could not sit, stand, walk, perform a task before needing a break, or maintain attention and concentration for more than 15 minutes.  Dr.

---

[1] Bailey included five issues in her Statement of Issues, but we have restated and consolidated them here for the sake of clarity. We decline to address the fifth issue, Bailey's claim that the district court engaged in impermissible post hoc rationalization of the ALJ's decision.  Bailey "raises [this argument] in a perfunctory manner without supporting arguments," so we conclude that she abandoned it.  Sapuppo v. Allstate Floridian Ins. Co., 739 F.3d 678, 680–82 (11th Cir. 2014).

[2] Bailey later amended her alleged onset of disability date to December 3, 2007.

Keithan expected these conditions to last more than 12 months and affirmed that these limitations "exist[ed] back to" October 1, 2007.

Also at the hearing, the ALJ questioned an impartial vocational expert ("VE") and asked the VE to opine on Bailey's functions and limitations. After listing hypothetical physical and mental abilities, the ALJ asked the VE whether, based on those abilities, Bailey would be able to do her past work as customarily done (or as done in the economy). The VE said she would not, but that there were other jobs in Alabama she could do. The ALJ then altered his hypothetical, and asked: "[I]f the claimant were unable to do any one [listed] activity, . . . would she still be able to do these or any other jobs?" The VE answered in the negative.

The ALJ found that Bailey had the following severe impairments: irritable bowel syndrome ("IBS"), restless leg syndrome, plantar fasciitis with calcaneal enthesopathy, right knee chondromalacia of the patella and torn medial meniscus, fibromyalgia, asthma, gastroesophageal reflux disease, and anxiety. The ALJ found there was no evidence, other than Bailey's own testimony, that she had Crohn's disease. Ultimately the ALJ found that Bailey was not disabled for the relevant time period.

Bailey filed a request for review of the ALJ's decision with the SSA Appeals Council, which was denied. She then appealed to federal district court pursuant to 42 U.S.C. § 405(g). Separately, she moved to remand her claim to the ALJ. The

magistrate judge issued a Report and Recommendation ("R&R") recommending the district court affirm the ALJ's decision and deny Bailey's motion to remand. The district court adopted the R&R and entered an order affirming the ALJ's decision on September 20, 2018. This appeal followed.

## II.

In Social Security appeals, "[w]e review the Commissioner's decision to determine if it is supported by substantial evidence and based on proper legal standards." Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158 (11th Cir. 2004) (per curia) (quotation marks omitted). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Id. (quotation marks omitted). "If the Commissioner's decision is supported by substantial evidence, this Court must affirm, even if the proof preponderates against it." Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (per curiam) (quotation marks omitted). "We may not decide facts anew, reweigh the evidence, or substitute our judgment for that of the Commissioner." Id. (alteration adopted and quotation marks omitted).

A claimant eligible for disability insurance benefits must demonstrate disability on or before the last date for which they were insured. Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005) (per curiam) (citing 42 U.S.C. § 423(a)(1)(A)). If a claimant becomes disabled after losing insured status, the

4

Commissioner will deny the claim despite a disability.  See Demandre v. Califano, 591 F.2d 1088, 1090 (5th Cir. 1979) (per curiam);[3] see also 20 C.F.R. § 404.131 ("To establish a period of disability, you must have disability insured status.").

### III.

### A. THE RECORD SUPPORTS THE WEIGHT ACCORDED TO DR. KEITHAN'S OPINION.

Bailey claims that the ALJ disregarded Dr. Keithan's "awareness" of Bailey's severe problems, including fibromyalgia, prior to the date she was last insured.  She implies the ALJ therefore should have found she was disabled prior to December 31, 2007.  We must decide whether the ALJ had good cause to give Dr. Keithan's opinions little weight.

Generally, the ALJ gives "more weight" to an opinion from a treating physician because the treating physician is "likely to be the medical professional[] most able to provide a detailed, longitudinal picture" of the claimant's medical impairment and "may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone."  20 C.F.R. § 404.1527(c)(2).[4]  If the ALJ finds that a treating source's opinion on the nature

---

[3] In Bonner v. City of Pritchard, 661 F.2d 1206 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions issued before October 1, 1981. Id. at 1209.

[4] Because Bailey filed her claim on August 20, 2012, we cite to the relevant rules regarding the evaluation of medical evidence that were in effect at the time of the ALJ's decision.  Compare

and severity of an impairment is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence" in the record, the ALJ will give the opinion "controlling weight." Id.

The opinion of a treating physician must be given "substantial or considerable weight" unless "good cause" is shown to the contrary.[5] Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1179 (11th Cir. 2011) (quotation marks omitted). Good cause exists where: (1) the opinion was not bolstered by the evidence; (2) the evidence supported a contrary finding; or (3) the opinion was conclusory or inconsistent with the doctor's own medical records. Id. The ALJ must clearly articulate his reasons for giving less weight to a treating physician's opinion, and the failure to do so is reversible error. Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997). "We will not second guess" the ALJ's decision if it clearly articulates the reasons for giving less weight to a treating physician's

---

20 C.F.R. § 404.1527 ("Evaluating opinion evidence for claims filed before March 27, 2017") with 20 C.F.R. § 404.1520c ("[C]laims filed on or after March 27, 2017").

[5] Bailey argues that she is entitled to a remand based on Stewart v. Commissioner of the Social Security Administration, 746 F. App'x 851 (11th Cir. 2018) (per curiam) (unpublished), in which, she claims, we articulated a "new standard in reviewing opinions of treating physicians." Bailey misreads our holding. Stewart simply rearticulated the standards for evaluating the opinion of a treating physician as set forth in our precedent and 20 C.F.R. § 404.1527. See 746 F. App'x at 854–57. The district court applied these same standards to arrive at its decision.

opinion.  Hunter v. Soc. Sec. Admin., Comm'r, 808 F.3d 818, 823 (11th Cir. 2015).  The record shows the ALJ articulated valid reasons for giving Dr. Keithan's opinion less weight.

Dr. Keithan's opinion, as outlined in the 2014 physical capacities form, was inconsistent with his own treatment notes.  Bailey first reported to Dr. Keithan in January 2007 and underwent a routine physical, which resulted in normal findings.  Bailey returned in August 2007 complaining of joint pain, tingling in her legs, fatigue, and irritable bowel syndrome.  Dr. Keithan diagnosed Bailey with arthralgias, and prescribed medication for her anxiety, weight loss, and diarrhea.  One month later, after further complaints of weight gain and restless legs, Dr. Keithan diagnosed Bailey with weight gain, anxiety, and restless leg syndrome.  Bailey returned in November 2007 complaining again of anxiety and nervousness, so Dr. Keithan prescribed a new anxiety medication.  A few weeks later, Bailey reported her anxiety had improved.  Dr. Keithan's pre-2008 examination findings—namely, that Bailey had joint pain, weight gain, anxiety, diarrhea, and restless leg syndrome—thus do not support the extreme limitations (including that Bailey could not sit, stand, or walk, among other things, for more than 15 minutes) described in the 2014 physical capacities report.

Nor does Dr. Keithan's reliance on treatment notes created after Bailey's last-insured date support her disability claim.  This is because Bailey appeared to

report new symptoms and conditions, which were not relevant to determine whether she was in fact disabled prior to December 31, 2007.  On March 27, 2008, Dr. Keithan made an assessment of fibromyalgia after Bailey complained that her hips hurt and her abdomen was swollen.  But the record does not show that these symptoms were present prior to December 31, 2007 when she had disability insured status.  See 20 C.F.R. § 404.131.

Neither can Bailey rely on subsequent treatment from her other providers. Bailey cites several of her office visits with Dr. Turkiewiez, a rheumatologist, spanning 2009 to 2013 to prove Dr. Keithan was aware she was being treated for fibromyalgia.  She also points to an office visit with Dr. Sparks, to whom Dr. Keithan referred her in 2008, to prove Dr. Keithan was aware she was being treated for severe right knee pain.  Yet none of these subsequent treatment records bolster Dr. Keithan's opinion that symptoms were present prior to December 31, 2007.  Winschel, 631 F.3d at 1179 (holding that when treating physician's opinion is not bolstered by the evidence, ALJ has good cause to give that opinion less weight).

In sum, the ALJ's decision not to give Dr. Keithan's opinion "controlling weight" is supported by the record.

B. SUBSTANTIAL EVIDENCE SUPPORTED THE ALJ'S DETERMINATION THAT BAILEY WAS NOT DISABLED PRIOR TO DECEMBER 31, 2007.

Bailey claims the ALJ's decision was not supported by substantial evidence because (1) the ALJ did not consider Bailey's testimony regarding her limitations or impairments; (2) the ALJ disregarded all medical evidence after the date Bailey was last insured without determining if the evidence was chronologically relevant; and (3) the ALJ failed to consider whether fibromyalgia was disabling. We address each of these purported errors in turn.

1. Bailey's Testimony Regarding Her Functional Limitations

Bailey claims that the ALJ disregarded or discredited her own testimony regarding her functional limitations. She presents this argument in several forms: she claims that the hypothetical posed to the VE did not accurately reflect her stated pain level and residual functional capacity ("RFC"); she implies that her statements regarding her limitations at the hearing in front of the ALJ were sufficient to establish her limitations; and she further contends that the ALJ did not consider or discuss how the side effects of her medication affected her ability to work. [6] The record leads us to conclude that the ALJ's decision was supported by substantial evidence.

---

[6] We do not consider Bailey's argument that the ALJ failed to consider or discuss how the side effects of her medication affected her ability to work because she failed to raise it in the district court. See Ledford v. Peeples, 657 F.3d 1222, 1258 (11th Cir. 2011) (en banc) ("A mere recitation of the underlying facts . . . is insufficient to preserve an argument; the argument itself must have been made below.").

The ALJ is required to engage in a five-step inquiry to determine whether a claimant is disabled, as set forth in 20 C.F.R. § 404.1520: whether (1) the claimant engaged in substantial gainful activity; (2) the claimant has a severe impairment; (3) the severe impairment meets or equals an impairment in 20 C.F.R. Pt. 404, Subpt. P, App. 1, referred to as the "Listing of Impairments"; (4) the claimant has the RFC to perform past relevant work; and (5) in light of the claimant's RFC, age, education, and work experience, there are other jobs the claimant can perform. Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004) (citing 20 C.F.R § 404.1520(a)(4)).  If the ALJ can determine whether the claimant is not disabled at any step of the evaluation process, the inquiry ends.  20 C.F.R. § 404.1520(a)(4).

With regard to the fourth step, an individual's RFC is what she "is still able to do despite the limitations caused by [her] impairments."  Phillips, 357 F.3d at 1238 (citing 20 C.F.R. § 404.1545(a)).  The ALJ makes this determination by considering the claimant's ability to lift weight, sit, stand, push, and pull, among other things.  20 C.F.R. § 404.1545(b).  The claimant's RFC is then used to determine her capability for performing various designated levels of work (sedentary, light, medium, heavy, or very heavy) in the national economy.  See id. § 404.1567.  The ALJ considers all of the record evidence in determining the claimant's RFC, Phillips, 357 F.3d at 1238, including a claimant's own testimony of pain or other subjective symptoms, Dyer, 395 F.3d at 1210.

10

Where, as here, a claimant is trying to establish a disability through her own testimony of pain and subjective symptoms, the ALJ considers whether that evidence meets our "pain standard." Id.  The pain standard requires the claimant show: "(1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain."  Wilson v. Barnhart, 284 F.3d 1219, 1225 (11th Cir. 2002); see also 20 C.F.R. § 404.1529(a)–(b).  If a claimant testifies as to her subjective complaints of disabling pain and other symptoms, as Bailey did, the ALJ "must clearly articulate explicit and adequate reasons for discrediting the claimant's allegations of completely disabling symptoms."  Dyer, 395 F.3d at 1210 (quotation marks omitted).

Here, the ALJ articulated explicit and adequate reasons for discounting Bailey's subjective claims of pain, and those reasons were supported by substantial evidence.  See Wilson, 284 F.3d at 1226 ("Substantial evidence in the record supports the ALJ's finding, as the medical and other evidence simply was not consistent with [the claimant's] alleged disabling pain.").  Specifically, the ALJ reasoned that the record did not substantiate Bailey's allegations of disability, and that Bailey's "testimony and other allegations of pain and functional restrictions

11

are simply disproportionate to the objective medical evidence as a whole."[7]  On this record, Bailey's argument that the ALJ improperly discredited her testimony fails.

   2.  Medical Evidence After December 31, 2007

   In addition to her arguments supporting her claim that the ALJ disregarded Dr. Keithan's opinion, Bailey asserts that the ALJ failed to consider medical evidence after Bailey's date last insured.  However, Bailey's chronological relevance argument fails for the same reasons we concluded the ALJ's decision to give Dr. Keithan's opinion little weight was supported by substantial evidence.  The post-2007 treatment notes from various doctors do not establish that Bailey was disabled during the relevant period because they reflected new symptoms and conditions that were unrelated to her treatment before December 31, 2007.  In other words, the ALJ found that Bailey's treatment records after 2007 were not an accurate reflection of Bailey's abilities prior and up to the date last insured.  Thus, the ALJ specifically articulated reasons for its decision not to rely on treatment records after 2007 and the ALJ's determination in this regard is supported by substantial evidence.  See Hargress v. Soc. Sec. Admin., Comm'r, 883 F.3d 1302, 1309 (11th Cir. 2018) (per curiam) (affirming a denial of disability insurance

-----

[7] This objective medical evidence includes, for example, one office visit with Dr. McKinney, a chiropractor, in December 2007.  Bailey argues that Dr. Keithan was aware of her "severe back problems" by pointing to one office visit with Dr. McKinney, a chiropractor, in December 2007.

benefits because the progress notes for treatment did not relate to relevant time period).

We take no issue with the hypothetical question the ALJ posed to the VE for the same reasons.  Because Bailey has not shown that the district court erred in finding that the ALJ's assessment of her subjective complaints and credibility was supported by substantial evidence, we agree that the ALJ's hypothetical to the VE accurately included her stated pain level and residual functional capacity.  See Wilson, 284 F.3d at 1226 (affirming a denial of disability insurance benefits because "the medical and other evidence simply was not consistent with [the claimant's] alleged disabling pain").

### 3. Consideration of Fibromyalgia

Bailey again relies on her own testimony of pain and other subjective symptoms to show that she is disabled as a result of fibromyalgia.  The pain standard also guides the ALJ's evaluation when a claimed disability is fibromyalgia, a chronic disorder "characterized primarily by widespread pain in the joints, muscles, tendons, or nearby soft tissues that has persisted for at least 3 months."  SSR 12-2p, 77 Fed. Reg. 43,640, 43,641 (July 25, 2012).  The symptoms of fibromyalgia "can wax and wane so that a person may have bad days and good days."  Id. at 43,644 (quotation marks omitted).  For this reason, "longitudinal records reflecting ongoing medical evaluation and treatment from acceptable

medical sources are especially helpful in establishing both the existence and severity of [fibromyalgia]." Id. at 43,642. "If objective medical evidence does not substantiate the person's statements about the intensity, persistence, and functionally limiting effects" of the fibromyalgia symptoms, the ALJ will "consider all of the evidence in the case record, including the person's daily activities, medications or other treatments the person uses, or has used, to alleviate symptoms; the nature and frequency of the person's attempts to obtain medical treatment for symptoms; and statements by other people about the person's symptoms." Id. at 43,643.

The ALJ noted that Bailey's fibromyalgia "cannot meet the criteria of any of the listings in the Listing of Impairments because fibromyalgia is not a listed impairment." The ALJ is correct that no specific listing exists for fibromyalgia in the Listing of Impairments, but, as we set forth above, Social Security Ruling 12-2p specifically addresses how to evaluate fibromyalgia. See SSR 12-2p, 77 Fed. Reg. 43,640. Nevertheless, the ALJ did consider all the evidence in the record to determine the existence and severity of all of Bailey's claimed disabilities— including fibromyalgia—and found that, even in combination, "the record does not establish that [Bailey] was subject to an impairment or combination of impairments" that were disabling. While we sympathize with Bailey, she simply cannot connect her symptoms to a date before December 31, 2007.

14

Bailey points to various pieces of medical evidence to support her claim that she suffered from fibromyalgia prior to December 31, 2007.  However, each piece of evidence that can be linked to her fibromyalgia diagnosis or symptoms came after that date.  In fact, Bailey admits that she was diagnosed with fibromyalgia in 2008 and treated <u>after</u> December 31, 2007.  Bailey attempts to avoid this evidentiary problem by arguing the ALJ failed to consider her medical records after her last-insured date.  We have already dismissed this argument because the symptoms and conditions Bailey exhibited before December 31, 2007 are different from the new symptoms and conditions she points to in her subsequent treatment records.  In sum, the ALJ's determination regarding fibromyalgia is supported by substantial evidence.

## IV.

Because Bailey cannot connect evidence of her disability to a date prior to the last date she was insured, we conclude the ALJ had good cause to give less weight to Dr. Keithan's opinion and the ALJ's findings were supported by substantial evidence.  The district court is **AFFIRMED.**